## MOBLEY ET AL. *v.* LETTS.

CHATTEL MORTGAGE.—*Stock of Merchandise Left in Mortgagor's Possession.*— A chattel mortgage, executed to a creditor by his debtor, upon a stock of goods and merchandise which apparently can only be used by selling and disposing of the same, stipulating that the mortgagor shall retain possession of the mortgaged stock, "with the privilege of using the same," and containing no stipulation that the mortgagor shall apply the proceeds of such of said stock as he shall sell to the payment of the mortgage or any other debt, is void as against the mortgagor's other creditors.

SAME.—*Execution.*—*Levy.*—*Officer.*—*Replevin.*—Where a stock of goods so mortgaged and left in the mortgagor's possession is levied upon by an officer, under an execution issued on a valid judgment against the mortgagor, in favor of a creditor other than the mortgagee, the latter can not replevy the same by virtue of his mortgage.

SAME.—*Verbal Agreement to Apply Proceeds of Stock.*—A verbal agreement

between such mortgagor and mortgagee, that the former shall apply the proceeds of such goods to the payment of the mortgage debt is invalid, as against one claiming the goods under such execution.

From the Pulaski Circuit Court.

*S. T. McConnell, D. B. McConnell, J. C. Nelson, T. J. Tuley* and *J. M. Howard,* for appellants.

*D. Turpie* and *H. D. Pierce,* for appellee.

Howk, J.—The appellee, as plaintiff, sued the appellants, as defendants, in the Cass Circuit Court.

In his complaint, the appellee alleged, in substance, that he was entitled to the possession of the personal property described as follows, to wit: "One stock of men's and boys' clothing, underwear, notions of all kinds, hats, caps, fixtures in rooms, trunks, and goods of whatsoever kind or description, situate in the store-room occupied by Patrick Fox, in No. 75, on Market street, in the city of. Logansport, Cass county, Indiana," of the value of twenty-five hundred dollars, which the appellants had possession of without right, and unlawfully detained from the appellee. Wherefore the appellee demanded judgment for the recovery of said property, and five hundred dollars damages for the detention thereof, and all other proper relief.

With his complaint, the appellee also filed the proper affidavit for an order of delivery, which writ was thereupon issued to the sheriff of Cass county, who made return that, by virtue thereof, he had seized the said personal property and delivered the same to the appellee's " agent, William Fox, he having executed a bond as required, and approved by me."

On the appellee's application, the venue of the action was changed from the Cass Circuit Court to the court below. The appellant Benjamin A. Mobley separately answered in three paragraphs, in substance as follows:

1. A general denial;
2. That, at the date of the institution of this suit, the

property described in appellee's complaint was the property of one Patrick Fox, and at the time of the levy was in his possession and a part of his stock in trade, as a retail dealer in clothing and furnishing goods;

3. That, at the date of the institution of this suit, the appellant Mobley was an acting constable of Eel township, Cass county, Indiana, and had been such for three years immediately prior thereto; that during said period there came into his hands as such constable the following executions, namely: (describing sixteen executions by the dates of their issue, the names of the execution plaintiffs, and the names of the justices of the peace of said township from whose dockets said executions were issued;) that all of said executions were issued against the goods and chattels of Patrick Fox, of said Cass county, and specifying the amounts for which each execution was issued; that said executions were issued upon valid and subsisting judgments in full force and not set aside nor appealed from; that, under and by virtue of said executions and each of them, the appellant Mobley levied upon, seized and took the goods and chattels in appellee's complaint described, as the property of said Patrick Fox, in said Eel township, and as such constable he held and detained the same until they were taken from him by virtue of the writ issued in this cause; that at the time he, said Mobley, so seized and took the said goods and chattels, the said executions, and each of them, were in full force, and the money due thereon unpaid, as to principal, interest and costs; that, at the time of said levy by said appellant, the said goods and chattels were the property of said Patrick Fox, and were in his possession, and were a part of his stock in trade, as a retail dealer of clothing and furnishing goods, in Eel township, and city of Logansport, in said Cass county; and that said Patrick Fox was at the time of said levy, and for more than a year prior thereto had been, engaged in selling the stock of which they formed a part, for his own use.

All the appellants jointly answered by a general denial.

The appellee replied in two paragraphs to the separate answer of the appellant Mobley, in substance, as follows:

1.   A general denial; and,

2.   That, at the time of the issuing of the said executions described, the appellee had a lien on the goods, chattels and merchandise levied on by said constable, by virtue of a mortgage thereon, executed on November 2d, 1874, by said Patrick Fox to one William Johnston, to secure the payment of five promissory notes, made by said Patrick Fox to one William Fox, and endorsed by the latter to said William Johnston, a copy of which mortgage was filed with and made part of said reply; that said mortgage was duly recorded on the 4th day of November, 1874, in the recorder's office of said Cass county; that the said notes were executed by said Patrick Fox for the sale to him, by said William Fox, of the goods in controversy, which was a *bona fide* existing indebtedness from said Patrick Fox to William Fox; that the said William Fox, being indebted to said William Johnston, assigned said notes by endorsement to said Johnston, and, at the time of the execution of said mortgage, said Johnston was the legal owner of said notes; that, in consideration of the extension of the time for the payment of the said indebtedness, said Patrick Fox executed to said Johnston the said mortgage; that, after the execution thereof, said Johnston sold and transferred to the appellee the said five notes secured by said mortgage, and said mortgage, and the appellee was the lawful owner thereof, at the time of the commencement of this suit; that said mortgage was valid in all respects, made on a good and lawful consideration, in good faith, and without collusion or fraud, and not with any intention to cheat or defraud or delay the creditors of said Fox; but, on the contrary, possession was allowed in the mortgage, under an express agreement with the mortgagee that the proceeds of sale made therefrom by the mortgagor should'

be promptly remitted by him to the mortgagee at Valparaiso, as fast as every hundred dollars was realized from such sales; that, at the commencement of this suit, the appellee had a prior valid lien on said stock, under and by virtue of said mortgage, and that his lien was prior to that of any lien of any execution issued subsequent to said mortgage.

The mortgage, made part of the second reply, described the mortgaged property by the same general description contained in appellee's complaint; and, after securing the payment of the five notes therein described, it was stipulated therein, that the said property " shall remain in possession of the said mortgagee, until said notes, or any of them, become due, to be kept free of charge to said mortgagee, with the privilege of using the same, subject, nevertheless, to the rights which the said mortgagee reserves to himself of taking possession of the same at any time, whenever and wherever it may be found, should default be made when said notes, or any one of them, become due; and if, at the time said notes, or any one of them, shall become due, it shall not be paid, then the said William Johnston, mortgagee, may take absolute possession of the said personal property herein described, for his own use, and sell the same, and out of the proceeds of said sale retain and pay said sum of money above secured, and the interest that may be due thereon, as well as all costs accruing by reason of such sale, rendering the overplus, if any, unto said Patrick Fox, or his legal representatives; and it is expressly agreed and understood, that the said mortgagee extends the time of payment on said notes from October 15th, 1874, to 3, 6, 9, 12 and 15 months respectively from that date; that is, the first note shall become due in three months from October 15th, 1874, the second in six months from that time, the third in nine months, the fourth in twelve months, the fifth in fifteen months; but if, at any time prior to the becoming due of said notes, or

any one of them, the said mortgagee should feel himself unsafe or insecure, then he shall have the right to take possession of said goods as his own, without demand."

The appellants demurred to the second paragraph of the appellee's reply, for the want of sufficient facts therein to constitute a good reply to appellants' answer, which demurrer was overruled by the court, and to this ruling the appellants excepted.

The cause was tried by a jury, and a general verdict was returned, as follows :

"We, the jury, find for the plaintiff, that he is entitled to the possession of the property described in the complaint, that the defendants did wrongfully and unlawfully detain the same from him. We assess the plaintiff's damages for the detention in the sum of one cent. . We find the value of the property to be $2,400."

With their general verdict, the jury also returned, under the direction of the court, at the request of the parties, their special findings upon particular questions of fact stated to them in writing, as follows :

The appellee propounded the following interrogatories, to be answered by the jury :

"1st. Did William Johnston and Patrick Fox, in the execution and delivery of the mortgage of November 2d, 1874, intend thereby to cheat or defraud the other creditors of said Fox?

"Answer. No.

"2d. Did the parties to said mortgage intend to cheat or defraud the other creditors of Patrick Fox, because, by the terms of said mortgage, possession of the stock of goods was left in the hands of Fox?

"Answer. No.

"3d. Did William Johnston, after taking the mortgage on Fox's stock of goods, and leaving the same in his possession, consent that the proceeds of subsequent sales should be applied to the payment of any other debts?

"Answer. No."

The appellants asked, that, if the jury rendered a general verdict, they should be required to answer the following special interrogatories:

"1st. Did not Patrick Fox, at the time of and after the execution of the mortgage given to William Johnston, hold possession of the goods described therein, and make sale thereof, at his will?

"Answer. Yes.

"2d. Did not that stock consist of coats, pants, vests, shirts, neck-ties and mittens?

"Answer. Yes.

"3d. Did any part of that stock of goods, as it was originally, at the time of the mortgage, remain unsold when this suit was instituted?

"Answer. Yes.

"6th. Is not the plaintiff's claim to the possession of the property in this case based upon a certain chattel mortgage executed by Patrick Fox to William Johnston, and by Johnston assigned to the plaintiff?

"Answer. Yes.

"7th. If you answer interrogatory No. 6 in the affirmative, did not Patrick Fox retain possession of the goods described in the mortgage, and traffic, trade and sell the same as his own, after the execution of said mortgage?

"Answer. Yes.

"8th. Did not said Patrick Fox retain the possession of the stock of goods described in the mortgage from him to the said William Johnston, and use them as his own by selling and disposing of them as a retail clothing merchant, with the knowledge and consent of said William Johnston, the plaintiff's assignor, up to the time the defendant Mobley levied on the same?

"Answer. Yes.

"10th. Was it not the understanding between P. Fox and W. Johnston, at the time the mortgage in ques-

tion was executed, that Fox was to retain the posses-
sion of the stock described therein, and use them as he
had been using them before said mortgage was executed?

"Answer. Yes."

The appellant Mobley separately, and the appellants
jointly, moved the court for judgment in his and their
favor, on the special findings of the jury, notwithstand-
ing the general verdict; which motions were overruled,
and to these decisions the appellants excepted.

The appellants then moved the court for a new trial,
which motion was overruled, and to this ruling the appel-
lants excepted. The appellants' motion in arrest of judg-
ment having been overruled, and their exception saved
to this decision, judgment was rendered on the general
verdict.

In this court, the appellants have assigned, as errors,
the following decisions of the court below:

1st. In overruling their demurrer to the second para-
graph of appellee's reply;

2d. In overruling their motion for a new trial;

3d. In overruling their motion in arrest of judgment;
and,

4th. In overruling their motion for judgment in their
favor, on the special findings of the jury, notwithstand-
ing the general verdict.

The first question presented for our decision in this
case may be thus stated: Were the facts stated in the
second paragraph of the appellee's reply sufficient in law
to constitute a good reply to the second and third para-
graphs of the separate answer of the appellant Mobley?
This question involves and presents for our consideration
the further question of the legal sufficiency and validity
of the chattel mortgage, which was filed with and made
part of said second paragraph of the appellee's reply.
As we have seen, the property mortgaged in this case
was " one stock of men's and boys' clothing, underwear,
notions of all kinds, hats, caps, fixtures in rooms, trunks,

and goods of whatsoever kind or description, situate,"etc. It was stipulated in said mortgage, that the mortgagor, the execution debtor mentioned in the third paragraph of the appellant Mobley's answer, should remain in possession of the mortgaged property, "with the privilege of using the same," until the notes described in the mortgage, or any of them, should become due, etc.

The only use to which such a stock of goods could be applied by the mortgagor, was the sale thereof by him in the ordinary course of his business. There was no stipulation in the mortgage, that the mortgagor should account to the mortgagee, or to his assigns, for the mortgaged property *used* by the mortgagor, or for the proceeds of such property, or that such proceeds, or any part thereof, should be applied to the payment of the mortgage debt. It is insisted by the appellants' attorneys, that " the chattel mortgage, relied on and made an exhibit, is void on its face, because the mortgagor was allowed to use the property as his own, and that the property was a stock of goods."

In the case of *The New Albany Insurance Company* v. *Wilcoxson,* 21 Ind. 355, where it appeared, that one Weir had executed a chattel mortgage to the appellant, " of all the furniture, etc., together with the lumber, tools, etc., used in carrying on the cabinet business now in and about the ware-rooms of said Weir, situated," etc., " and all like property that may be in said ware-rooms when demanded by said company ; " and it was stipulated in the mortgage, that " said Weir is to remain in the possession of the property herein described, until the possession thereof is demanded by said company," etc.; it was held by this court, " that if a mortgage is executed merely as a cloak to protect property in the hands of a mortgagor from creditors, other than the mortgagee, the mortgagor still retaining possession, and the right of disposition, and these facts appearing upon the face of the instru-

ment, they would, as a legal proposition, vitiate it; and a court should so declare."

In the case now before us, it seems to us, that the real question is, what is meant by the phrase, " with the privilege of using the same," as used in relation to the mortgaged property? If the mortgage had been given upon personal property, which could have been used by the mortgagor without any sale thereof, then we think that the phrase cited would not necessarily have affected the validity of such mortgage. As, for instance, if the mortgaged property had consisted of ordinary household furniture, or of any property of like character, where the right or privilege of using the same would not necessarily imply the right or privilege of selling and disposing of the same, then the phrase in question would not, of itself, vitiate the mortgage. But where, as in this case, the mortgage has been given on a " stock of men's and boys' clothing," etc., or a stock of goods and merchandise of any kind, and it is apparent that the only usual mode of " using the same " is to sell and dispose of such stock, and it is stipulated in the mortgage, that the mortgagor shall retain the possession of the mortgaged stock, " with the privilege of using the same," we think that the language used necessarily implies that the mortgagor shall have the privilege of selling or disposing of the mortgaged stock; and if, as in this case, the mortgage does not contain any stipulation or covenant, on the part of the mortgagor, that he will apply the proceeds of the sales of the mortgaged stock, so used by him, to the payment of the mortgage debt, or the debt of any other creditor, in our opinion, such mortgage is, and ought to be declared to be, void on its face, as against the other creditors of the mortgagor. Herman Chattel Mortgages, p. 238; *Collins* v. *Myers*, 16 Ohio, 547; *Freeman* v. *Rawson*, 5 Ohio State, 1; and *Harman* v. *Abbey*, 7 Ohio State, 218.

In the case of *Robinson* v. *Elliott*, 22 Wal. 513, on ap-

peal from the Circuit Court of the United States, for the District of Indiana, the law in relation to chattel mortgages, with especial reference to the legislation of this State, was very fully and elaborately considered by the Supreme Court of the United States, Mr. Justice DAVIS delivering the opinion of the court. In that case, John and Seth Coolidge, merchants of the city of Evansville, Indiana, executed to the appellant, Robinson, and another, "a chattel mortgage upon their stock of goods, then in their rented store, including also the furniture and fixtures connected with the same," to indemnify said Robinson, as their accommodation endorser on certain described notes, and to secure the payment of certain other indebtedness. The mortgage contained this stipulation: "And it is hereby expressly agreed that until default shall be made in the payment of some one of said notes, or some paper in renewal thereof, the parties of the first part" (the mortgagors) "may remain in possession of said goods, wares, and merchandise, and may sell the same as heretofore and supply their places with other goods, and the goods substituted by purchase for those sold shall, upon being put into said store or any other store in said city where the same may be put for sale by said parties of the first part, be subjected to the lien of this mortgage." One of the mortgagors died, and the other having been declared a bankrupt, the appellee, Elliott, was appointed his assignee. The appellants filed a bill against the appellee, to enforce their chattel mortgage, and the appellee demurred to the bill; his demurrer was sustained, and the circuit court rendered a decree in his favor, dismissing the bill. On appeal, it was held by the Supreme Court of the United States, that the mortgage in suit was void on its face.

Under the construction we have been constrained to give to the phrase, "with the privilege of using the same," as applied to the property described in the mortgage set out in the second paragraph of the appellee's

reply in the case at bar, there is no material difference, in legal effect, between the stipulations in said mortgage and those in the mortgage in controversy in the case of *Robinson* v. *Elliott, supra,* in so far as the privilege or right to sell or dispose of the mortgaged stock, without being required to apply the proceeds to the payment of the mortgage debt, is concerned.

For the reasons given, in our opinion, the court below erred in overruling the appellants' demurrer to the second paragraph of the appellee's reply. As this decision goes to the foundation of the appellee's cause of action, and as the other alleged errors may not occur upon another trial of this cause, we deem it unnecessary for us now to consider and decide any of the questions presented by either of those errors.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to the court below to sustain the appellants' demurrer to the second paragraph of appellee's reply, and for further proceedings.

Opinion filed at November term, 1877.

Petition for a rehearing overruled at May term, 1878.