## DAVENPORT ET AL. *v.* FOULKE.

CHATTEL MORTGAGE.—*May be Void in Part only — Possession of Property by Mortgagor with Right to Use.*—Where it is provided in a chattel mortgage that the mortgagor shall retain possession of the mortgaged property and use and enjoy the same until default be made in payment, and

where it is apparent from the nature of a part of the property, that the only reasonable use the mortgagor can make of it will be to expose it to sale and sell it, thus impliedly authorizing him to apply the proceeds to his own use, such mortgage, as to such part of the property, is void on its face as to other creditors of the mortgagor ; but as to the other part of such property, concerning which the permission to use and enjoy does not imply the right of the mortgagor to sell and convert to his own use, the mortgage may be good.

SAME.— *Waiver, by Mortgagee, of Lien.—Purchaser of Property in Good Faith.*—Where a mortgagor, with the knowledge and consent of the mortgagee, keeps the mortgaged property in his place of business, exposed to sale, and sells portions of the same each day, applying the proceeds to his own use and benefit, and not to the payment of the debt secured by the mortgage, and certain creditors, without any actual knowledge of the mortgage, sell him goods on credit and afterward obtain judgment for the amount, levy an execution upon the mortgaged property, and, to secure their judgment, purchase the property and pay off all prior execution liens upon the same, all of which is done with the knowledge of the mortgagee, such facts show a waiver by said mortgagee of his right of lien on said property, and he can not thereafter assert it as against such creditors.

From the Wayne Circuit Court.

*C. B. Walker* and *S. A. Forkner*, for appellants.

*J. P. Siddall* and *W. D. Foulke*, for appellee.

NIBLACK, J.—The complaint in this case averred that, on the 6th day of July, 1875, the defendant John F. Davenport executed two promissory notes for three hundred and twenty-five dollars each to plaintiff, John T. Foulke, payable one in one year and the other in two years from date ; that, to secure the payment of said notes, the said Davenport executed to the plaintiff a chattel mortgage upon a fire-proof combination lock safe, certain show cases, trays, fixtures and tools, in a silversmith shop and jewelry store, together with many other miscellaneous articles consisting of merchandise pertaining to the business of a silversmith and jeweler, and such as are usually exposed to sale as a part of such business, said mortgage containing a proviso as follows :

" And provided, also, that until default of payment of said notes, or one of them, I am to keep possession of said granted property and to use and enjoy the same, but if the same, or any part thereof, shall be attached or executed at any time by any of my creditors, or if I should attempt to remove the same from the city of Richmond without the assent of the John T. Foulke, then it shall be lawful for the said John T. Foulke, his executors, administrators or assigns, to take immediate possession of the whole of said property and place the same into the hands of the marshal of the city of Richmond, or some constable of Wayne township, to be advertised and sold," etc.

That, at the time of the execution of said mortgage, the said Davenport was a resident of Wayne county, and that said mortgage was duly recorded in said county within ten days after its execution ; that afterward, and within less than a year, several persons obtained judgments against the said Davenport, and caused executions to be issued upon their judgments to be levied upon the mortgaged property, the defendants Augustus B. Gillett and George W. Jennison being two of such judgment creditors ; that the said mortgaged property was then in the possession of the said Gillett and Jennison and one David J. Dozier, who was also made a defendant, from all of whom the possession of such property had been demanded. Wherefore the plaintiff demanded a foreclosure of his mortgage, and a sale of the mortgaged property.

A demurrer to the complaint having been interposed and overruled, Davenport answered separately in general denial, and Gillett, Jennison and Dozier answered jointly in three paragraphs :

1. Specially denying that Davenport was a resident of Wayne county when the mortgage was executed ;

2. Alleging that they had purchased the mortgaged property of Davenport with the assent of the plaintiff; and,

3. Setting up special matter having the supposed tendency to establish the fraudulent character of the mortgage.

Issue was joined on the second paragraph of this last-named answer, and a demurrer was sustained to the third paragraph.

The cause having been submitted to a jury for trial, there was a general verdict for the plaintiff.

After overruling a motion for a new trial, the court rendered judgment against Gillett, Jennison and Dozier for a foreclosure of the mortgage and a sale of the mortgaged property, but refused to render any judgment, either personal or otherwise, against Davenport. All the defendants below have appealed.

Errors are assigned upon the overruling of the demurrer to the complaint, upon the sustaining of the demurrer to the third paragraph of the answer of Gillett, Jennison and Dozier, and the refusal of the court to grant a new trial.

The appellants contend that, by the terms of the mortgage sued on, Davenport was authorized to sell the mortgaged property, and apply the proceeds to his own use, and that for that reason the mortgage was void as to other creditors of Davenport, and hence insufficient as the foundation of a cause of action.

In the case of *Mobley* v. *Letts*, 61 Ind. 11, it was held that where it was provided in a chattel mortgage that the mortgagor should retain possession of the mortgaged property and use the same until default be made, and where it was apparent from the nature of the property that the only reasonable use the mortgagor could make of it would be to expose it to sale and to sell it, such mortgage was void on its face as to other creditors of the mortgagor, because, under such a provision, as applicable to such property, the mortgagor would be authorized to sell the property and apply the proceeds to his own use. That case is well sus-

tained by the authorities referred to in the opinion as well as by numerous other authorities cited in Herman on Chattel Mortgages, commencing with page 238 ; *Voorhis* v. *Langsdorf,* 31 Mo. 451.

In the well considered case of *Barnet* v. *Fergus,* 51 Ill. 352, the Supreme Court of Illinois recognized the doctrine that a chattel mortgage which permits the mortgagor to sell the mortgaged property, and apply the proceeds to his own use, is void, but at the same time held that such a permission to sell only a portion of the mortgaged property did not necessarily render the mortgage void *in toto ;* that the mortgage might still be valid as to that portion of the property which the mortgagor was not authorized to sell.

The rule laid down in this last-named case impresses us as being both a just and reasonable rule, and as one which we ought to follow. *The State* v. *Tasker,* 31 Mo. 445 ; *The State* v. *D'Oench,* 31 Mo. 453.

Under the rules of construction, laid down as above, the mortgage before us was evidently void as to the articles of merchandise enumerated in it as against other creditors, but as to those other articles which were such as are commonly in daily and permanent use in a silversmith shop and jewelry store combined, and not ordinarily for sale, we think the mortgage was *prima facie* valid. As to the articles last-named, the reservation of the right to the mortgagor to use and enjoy them until default did not necessarily carry with it by implication the right of the mortgagor to sell and convert such articles to his own use.

The mortgage being valid on its face as to a portion of the mortgaged property, the court did right in overruling the demurrer to the complaint.

The third paragraph of the answer of Dozier and others, to which a demurrer was sustained, was substantially as follows :

That, after the execution of the mortgage, the said Gil-

lett and Jennison, being wholesale dealers resident in the city of Indianapolis, in this State, and having no actual knowledge of such mortgage, sold to Davenport goods, wares and merchandise on credit to the aggregate sum of nearly nine hundred dollars, for which they obtained judgment against the said Davenport, and levied an execution on said mortgaged property ; that, to secure the payment of their judgment, they, the said Gillett and Jennison, were compelled to purchase such property, and to pay off prior execution liens upon the same, all of which was done with the knowledge of the plaintiff; that, after the execution of the mortgage, the said Davenport retained possession of the mortgaged property, and, with the knowledge and consent of the plaintiff, kept said property in his store exposed to sale, and sold portions of the same every day, applying the proceeds to his own private use and benefit, and not to the payment of the debt secured by the mortgage. Wherefore it was claimed that the mortgage set out in the complaint was fraudulent and void as to the said Gillett and Jennison, as well as to the said Dozier.

Herman on Chattel Mortgages, at page 235, says :

"If, by any arrangement, express or implied, the mortgagee allows the mortgagor to continue in the sale of the mortgaged goods at retail, for his own benefit, the mortgage will be unavailing against a judgment creditor of the mortgagor, and such arrangement or permission may be shown by circumstances. It is not the simple fact of possession by a mortgagor that will avoid the mortgage, but it is the possession with the power of sale which defeats the instrument, and the effect will be the same, although neither expressed nor necessarily implied from its terms. If the right to possession and power of sale in the mortgagor appear upon the face of the instrument, it will be a fraud in law, but if it do not appear upon its face, but in evidence at the trial, it will be fraudulent in fact."

What is thus said by Herman is also well sustained by authority. *Ogden* v. *Stewart*, 29 Ill. 122; *Horton* v. *Williams*, 21 Minn. 187; *The State* v. *Tasker, supra.*

The facts set up in the third paragraph of answer in this case amount, as we construe them, to an allegation that the plaintiff had waived all right of lien on the mortgaged property, and that, by reason of such waiver, such property had, in good faith and for a valuable consideration, passed into the hands of other creditors of Davenport.

As thus construed, and in the light of the authorities lastly above cited, we are of the opinion that this third paragraph of answer was well pleaded, and was consequently erroneously held bad upon demurrer.

For this error the judgment will have to be reversed.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.