No. 7881.

## LOCKWOOD ET AL. *v.* HARDING ET AL.

CHATTEL MORTGAGE.— *When Void Upon its Face.—Fraudulent Intent Question of Fact.*—A mortgage of chattels made with intent to hinder, delay or defraud creditors, is void as to such creditors; but, as the question of fraudulent intent is made by statute in this State (section 4924, R. S. 1881) in all cases a question of fact, the cases will be rare indeed in which it can be said, as matter of law, that a chattel mortgage is void upon its face.

SAME.—*Action to Set Aside Mortgage.*—*Sufficiency of Complaint.*—In an action by the creditors of the mortgagor of chattels to set aside the mortgage as fraudulent against them, if the complaint contains no allegations of facts impeaching the good faith of the parties to the mortgage, or the validity of the debts thereby secured, or the good faith and integrity of the parties in their dealings with the mortgaged property, such complaint is bad on a demurrer thereto, for the want of sufficient facts.

From the Parke Circuit Court.

*S. D. Puett, J. B. Dowd* and *D. H. Maxwell,* for appellants.

*T. N. Rice* and *J. T. Johnston,* for appellees.

HOWK, J.—In this case, the question for the decision of this court, as it was for the circuit court, is this: Does the complaint of the appellants, the plaintiffs below, state facts sufficient to constitute a cause of action?

In their complaint the appellants, nineteen in number, alleged in substance, that, in October, 1878, by the consideration of the said Parke Circuit Court, they had severally obtained divers judgments against the appellee William H. Harding, for divers sums of money, setting out the dates and amounts of their respective judgments; that on the 22d day of November, 1878, all of said judgment plaintiffs caused executions to be issued on their respective judgments; that, on the same day, the said executions came to the hands of the sheriff of Parke county, and were by him, on the 21st day of December, 1878, levied on a stock of goods, notions, etc., of the appellee Harding, situated on the west half of lot 38, in the town of Rockville, being the same goods, etc., described in the mortgage thereinafter mentioned; that, prior to the rendition of the appellants' said judgment against the said Harding, to wit, on the 13th day of September, 1878, he executed a chattel mortgage of his said stock of goods, notions, fire-proof safe and office and store furniture, described therein, to his co-appellee, Greenbury Ward, of said county, and to the firm of Kayne, Spring & Dale, of the city of New York, to secure the payment, on the first day of February, 1879, of a debt of $3,150 to said Ward, and of $1,055 to said Kayne,

Spring & Dale, and caused said mortgage to be recorded, on the same day, in the recorder's office of said county, which said mortgage was made part of said complaint and set out, at length therein.

And the appellants further said, that their respective claims, on which their said judgments were obtained and executions issued as aforesaid, were in existence long before the execution of said mortgage, and that the appellee Harding, at the date of the execution of said mortgage, was largely indebted to other persons, of whom some had obtained judgments, and some had not; that after the issuing of execution on the appellants' said judgments, to wit, on the 25th day of November, 1878, the appellee Ward and said Kayne, Spring & Dale took possession of said stock of goods, etc., named in said mortgage and closed said store; that, for many years previous to the execution of said mortgage, the appellee Harding had been engaged in the business of a retail merchant of dry goods, notions, etc., and dealing in wool in said town; that, by the terms of said mortgage, the appellee Harding was permitted to retain possession of said goods, etc., until the 1st day of February, 1879, *except* in the event of the goods, etc., being levied on by any writ or execution, or coming into the hands of any assignee, administrator, etc., or the failure of the appellee Harding to attend strictly to the sale of the goods and use due diligence in the sale thereof, or to account truly for the proceeds of such sales, then and in that event the mortgagees might take immediate possession of said goods and personal property.

And the appellants further said, that on the —— day of January, and long before their debts, by the terms of said mortgage, became due and payable, the appellee Ward, and said Kayne, Spring & Dale, put up said stock of goods, etc., at public auction in bulk, and bid in the same for $————, and thereupon the said Kayne, Spring & Dale transferred and sold their interest in said stock to the appellee Ward, who opened up said store and placed the appellee Harding in the same;

that, in and by said mortgage, the mortgagees agreed that said Harding might dispose of said goods, etc., at the regular retail price thereof, as his own property, and that, with the mortgagees' consent, he might use a portion of the proceeds of sales to replenish said stock of goods from time to time, as the necessities of the trade might require, the goods so purchased and the proceeds to be the property of the mortgagees; and that they thereby permitted the said Harding to carry on trade on said mortgaged stock of goods in the usual way and course of business; that the said Harding, with the knowledge of said Ward and without objection by him, did use a portion of the proceeds of the sales of said goods for the purpose of replenishing, and did replenish, said stock from time to time.

And the appellants further said, that, in and by said mortgage, the mortgagees agreed that said Harding might use a portion of the sales of said goods in payment of rents of the store-room and the necessary expenses of running and conducting the store; that the said mortgage did not fix the time for accounting, nor the terms and conditions of accounting, by the said Harding to the mortgagees, for the proceeds of the sales of said goods, prior to the 1st day of February, 1879; and that, at the date of said mortgage, the said Harding had not, nor had he at the commencement of this suit, sufficient other property out of which the appellants could make their said debts. Wherefore the appellants said that the execution of said mortgage tended to hinder and delay them in the collection of their debts, and, as to them, was fraudulent and void; and therefore they prayed that said mortgage might be set aside as to them, and the goods therein described, amounting in value to $2,000, might be subjected to the payment of their said judgments, and for $1,000 damages, and for other proper relief.

We are of the opinion that the court committed no error in sustaining the appellees' demurrer, for the want of sufficient facts, to the appellants' complaint. It is manifest, that, in drafting the complaint, the appellants' learned counsel pro-

ceeded upon the theory that the chattel mortgage, by reason of its conditions and stipulations, was absolutely void on its face, without reference to any extrinsic facts. It seems to us, however, that this theory of the law can not be maintained in all cases, and certainly not in the case now before us. In this State, it is provided in section 21 of the act of June 9th, 1852, for the prevention of frauds, etc., and declaring certain conveyances, assignments, contracts and mortgages void, that "The question of fraudulent intent, in all cases arising under the provisions of this act, shall be deemed a question of fact." 1 R. S. 1876, p. 506; Rev. Stat. 1881, section 4924. In Herman on Chattel Mortgages, section 101, it is said: "When a mortgage of personal property contains a provision, securing to the mortgagor the right of possession and selling or disposing of the property, without being obliged to apply the proceeds to the payment of the mortgage debt, or any other creditor, it is void upon its face." There are some cases in this court, in which it would seem that this doctrine was recognized and approved. *The New Albany Ins. Co.* v. *Wilcoxson,* 21 Ind. 355; *Mobley* v. *Letts,* 61 Ind. 11; *Davenport* v. *Foulke,* 68 Ind. 382.

It seems to us that this question is hardly presented by the record in the case now before us; but we may say, without impropriety, that, in view of the statutory provision above quoted, the cases will be rare indeed, in which it can be correctly said that a chattel mortgage, without regard to extrinsic facts, is void on its face. On this point, see the recent case of *McLaughlin* v. *Ward,* 77 Ind. 383.

It will be seen from our summary of the appellants' complaint, in the case at bar, that the chattel mortgage therein mentioned covered other personal property besides the stock of goods and notions, to wit, a fire-proof safe, and office and store furniture. As to this other personal property, it is not claimed that the chattel mortgage secured to the mortgagor the right to sell or dispose of such property. It is clear, therefore, that the chattel mortgage was in any event a valid and

binding lien upon the safe, and the office and store furniture; and, that far forth, it was not void, in any view of the law. This point is sustained by, and is in strict harmony with, the doctrine declared by this court, in *Davenport* v. *Foulke, supra.*

It will be observed that the appellants have not attacked, nor attempted to impeach, by any of the allegations of their complaint, the good faith of any of the parties to the chattel mortgage, or the validity of the debts thereby secured, or the good faith and fair conduct of the mortgagees in their seizure and sale, under their mortgage, of the mortgaged property, or the good faith and integrity of the appellees, in their subsequent dealings in relation to such property. It is true, that they alleged that the execution of the mortgage tended to hinder and delay them, in the collection of their debts. But this was by no means the equivalent of an allegation that the mortgage was executed with the intent, on the part of any of the parties thereto, to hinder and delay the appellants or other creditors in the collection of their debts. It is true, also, that the appellants alleged that, after the sale of the property under the mortgage, and after the appellee Ward had become the exclusive owner of the property, he opened up the store, and placed the appellee Harding therein. There is no allegation in the complaint, that any fraud was contemplated or committed by either of the appellees in this transaction; and, certainly, no fraud can be inferred from the bare fact alleged, that, after the appellee Ward became the exclusive owner of the property, under the mortgage and freed from the lien thereof, he opened up the store, and placed the appellee Harding therein. *Emmons* v. *Hawn,* 75 Ind. 356.

Upon the whole case, our conclusion is that the court committed no error in sustaining the appellees' demurrer to the appellants' complaint.

The judgment is affirmed, at the appellants' costs.