# JACOB SCHEMERHORN
## v.
## A. K. MITCHELL.

1. CHATTEL MORTGAGE ON STOCK IN TRADE.—Under a mortgage upon a stock of goods in trade and fixtures, the mortgagor, selling the goods in course of trade and replacing them with others with the consent of the mortgagee, invalidates the mortgage as to the stock in trade as against creditors, although as to the fixtures not embraced within such permission the mortgage might remain a valid lien.

2. REPLEVIN—PLEADING.—In an action of replevin an officer in a plea of justification, setting up a special property in himself or in the plaintiff in the execution, ought at the same time to traverse the right of property in the plaintiff in replevin. Although the allegation of property in the plaintiff may be the only issuable matter in such a case, yet often matter alleged by way of inducement to the traverse of plaintiff's right of property must necessarily be proved.

3. SAME—WHAT NECESSARY TO PROVE.—Where it becomes necessary, in such case, to attack the title of the plaintiff in replevin, for fraud or for any other vice that would render the title void as to creditors, when the same would be good as between the parties, it is incumbent on the officer to show that the plaintiff in the execution occupies such a position as will entitle him to contest the title of the plaintiff in replevin.

4. FORM OF JUDGMENT.—Where a judgment upon which an execution was issued, reading as follows: "The jury retired and returned the following verdict: We the jury find for the plaintiff in the sum of $200, and the same is the judgment of the court, with costs of this suit," was questioned collaterally. Held, that the judgment was sufficiently formal.

Schemerhorn v. Mitchell.

5. Officer—What proof necessary to show title to office.—
Where to establish his title to the office of constable, a certificate of election,
granted as provided by the statute (Ch. 79, § 9), was offered in evidence in
a replevin suit, by a constable who had levied upon the goods. *Held*, that
this was *prima facie* evidence of his right to the office. When defending
in his own right, he may be called upon to show by competent proof a right
to the office, but when the interests of the public or of third parties are in-
volved, the party interested is only bound to show him to be an officer *de
facto*.

Appeal from the Circuit Court of Greene county; the Hon.
G. W. Herdman, Judge, presiding. Opinion filed October 3,
1884.

Mr. Wm. M. Ward, for appellant; that the subsequently
acquired property is subject to execution, cited Rhines v.
Phelps, 3 Gilm. 455; Hunt v. Bullock, 23 Ill. 320; Davis v.
Ransom, 18 Ill. 396; Titus v. Mabee, 25 Ill. 257; Stowell v.
Bair, 5 Bradwell, 104.

If the mortgagee allowed the mortgagor to hold the prop-
erty for sale he lost his lien: Greenebaum v. Wheeler, 90 Ill.
296; Dunning v. Mead, 90 Ill. 376; Barnet v. Fergus, 51 Ill.
352; Ogden v. Stewart, 29 Ill. 122.

Mr. James R. Ward, for appellee; that appellant's right
to exercise the functions of town constable was directly chal-
lenged, and it was therefore incumbent upon him to prove
that he was a town constable, *de jure*, cited Outhouse v.
Allen, 72 Ill. 530; Case v. Hale, 21 Ill. 632; Schlencker v.
Risley, 3 Scam. 483.

As to the judgment being void: Faulk v. Kellums, 54 Ill.
190; Martin v. Barnhardt, 39 Ill. 13; Edwards v. Evans, 61
Ill. 492; R. S. 1883, Ch. 79, §§ 46–122.

McCulloch, J. This was a suit in replevin, brought by
appellee against appellant to recover certain furniture, fix-
tures and stock in trade, which appellant had levied upon as
the property of Charles Schnell, by virtue of an execution in
his hands in favor of the town of Greenfield against said
Schnell, and upon which property appellee claimed to have a

chattel mortgage executed by said Schnell and a former partner of his by the name of Finley.

The declaration contains two counts, one in the *cepit*, the other in the *detinet*. The first count was not sustained by the evidence, for the property was not taken from appellee, but from Schnell, in whose possession it lawfully was at the time of seizure by appellant. Appellee's case therefore rests upon the second count, to sustain which it was necessary to prove a demand upon appellant before bringing suit. Simmons v. Jenkins, 76 Ill. 479.

The affidavit, the writ and the declaration in replevin all describe the property by enumerating the specific items, except the stock in trade, which is described as a *lot of cigars, tobacco and notions*. The description in the mortgage is the same, except as to the stock in trade, which is described as a stock of *groceries, confections, notions, cigars and tobacco*.

On the trial it was admitted that appellee had proved right to recover all the items of property specifically enumerated in his mortgage, so that the contest is narrowed down to the property described in the writ as a lot of cigars, tobacco and notions. Some controversy seems to have sprung up in the course of the trial as to the property alleged to have been seized under the writ of replevin, but not described in the affidavit, the writ or the declaration. We can not see how any such question can properly arise in the case. If the sheriff exceeded the command of the writ he is responsible for his acts to the party injured. If the property seized comes under the description in the affidavit and writ, it would have to be returned in obedience to the command of a writ of *retorno habendo*, should one be awarded, or in default thereof the plaintiff in the replevin suit and his surety upon the replevin bond would become liable for its value. The only question before the circuit court therefore was whether or not appellee had a right to recover from appellant the property described in the writ and declaration as *a lot of cigars, tobacco and notions*.

Appellant interposed in his defense the pleas of *non cepit* and *non detinet*, upon which issues were joined to the coun-

try; also a plea of property in said Schnell and one of property in himself, to which appellee replied; upon which replications issue was also joined. He also pleaded two pleas setting up that he was a constable, and that a writ of *fieri facias* came into his hands in favor of the town of Greenfield against the said Schnell, issued upon a judgment still in force and unsatisfied; that by virtue of such execution he levied upon the goods and chattels in controversy as the property of said Schnell, and that the same were his property and not the property of appellee. To the first of these pleas appellee filed two replications: first, that the said goods and chattels were his property; secondly, that appellant was not a constable. To the second of these last named pleas appellee also filed two replications: first, that appellant was not a constable; secondly, that there was no valid judgment to support the execution.

The evidence very clearly shows that after the execution of the mortgage and before the levy the mortgagors went on and sold nearly all the stock in trade on hand when the mortgage was executed and replaced it with other goods. If this was done with the consent of the mortgagee it would render the mortgage fraudulent as to creditors, so far as it covered the goods so permitted to be sold: Greenebaum v. Wheeler, 90 Ill. 296; Dunning v. Mead, Id. 376; Barnet v. Fergus, 51 Ill. 352; Ogden v. Stewart, 29 Ill. 122; although as to the furniture, fixtures and other property not embraced within such permission it might remain a valid lien. But as to after acquired property a chattel mortgage can not be made valid against the claims of creditors. Hunt v. Bullock, 23 Ill. 330; Titus v. Mabee, 25 Ill. 257.

The issue presented by these two pleas, in which appellant relied upon his levy, is the right of property in appellee. They are sometimes called and treated as pleas of justification. While setting up a special property in the officer, or perhaps in the plaintiff in the execution, they ought to traverse the right of property in the plaintiff, and it has been held in some cases that this is the only issuable matter, all antecedent allegations being considered merely as inducement. Jackson v.

Hobson, 4 Scam. 411; Anderson v. Talcott, 1 Gilm. 365; Boswell v. Green, 1 Dutch. 390; Brown v. Dissett, 1 Zab. 267.

The burden of proof is upon the plaintiff to show a right of property in himself, and whatever he is bound to prove the defendant may disprove by any competent evidence. So when appellee had introduced evidence of title derived from Finley and Schnell, it was competent for appellant to show that the property described in the mortgage had been sold and replaced by other property of the same description, or to show that the property was by permission of appellee being sold in fraud of creditors.

What is proper proof in such cases will depend somewhat upon the nature of the plaintiff's claim. It is sometimes said to be sufficient for the officer to produce his writ. But where it becomes necessary to attack the plaintiff's title for fraud or for any other vice that would render the title void as to creditors, when the same would be good as between the parties, it is incumbent on him to show that the plaintiff in the execution occupies such a position as will entitle him to contest the title of the plaintiff. If he relies upon an execution he must at least show a valid judgment. Johnson v. Holloway, 82 Ill. 334. If he relies upon a writ of attachment he must be prepared to prove the existence of the debt. Sandford Mfg. Co. v. Wiggin, 14 N. H. R. 441; Edey v. Fath, 4 Bradwell, 275. And in case of a fraudulent sale he might be required to go further and show the existence of the debt at the time of such sale.

These principles are well illustrated by the case of Tucker v. Gill, 61 Ill. 236. In that case the debtor had made a sale of certain hogs to the plaintiffs in the replevin suit. After this sale a judgment against the seller was entered up by confession before the clerk in vacation. An execution, issued upon the judgment so confessed, was levied upon the hogs so sold, and the title of the plaintiffs was contested upon the ground of there having been no delivery of the hogs under the contract of purchase. The plaintiffs in the replevin suit attacked the validity of the judgment on the ground of variance between it and the cognovit. The court held the judgment to

be absolutely void and therefore that neither the plaintiff in the execution nor the officer had any right to exercise any control over the property, nor to question the sufficiency of the delivery under the contract of purchase.

It is very clear, therefore, that although the allegation of property in the plaintiff may be the only issuable matter in such pleas as the defendant below interposed in this case, yet, in making proof of the titles of the respective parties, it may and does often happen that matter alleged by way of inducement to the traverse of plaintiff's right of property must necessarily be proved. Especially would this seem to be true in view of our statute, which provides that if the property is held for the payment of any money, the judgment may be in the alternative that the plaintiff pay the amount for which the same was rightfully held, with proper damages, within a given time, or make return of the property. R. S. Ch. 119, Sec. 22.

If, therefore, appellant has made the proper proof that he had a valid execution issued upon a valid judgment, that he was a constable for said county of Greene, and that he, as such officer, levied upon the property in question by virtue of said execution, he has not only defeated appellee's right of recovery, as to the property purchased after the execution of the mortgage, but he has also shown himself entitled to a return of the same unless appellee will pay the judgment. He is also in a position to attack appellee's claim to the balance of the stock in trade for fraud.

It is insisted on the part of appellee that the judgment is void for want of form. It reads as follows: "The jury retired and returned the following verdict: We, the jury, find for the plaintiff in the sum of two hundred dollars, and the same is the judgment of the court with costs." We are of opinion this is sufficiently formal as a judgment. The cases cited by counsel for appellee were in direct proceedings in error or upon appeal to reverse the judgments therein rendered. None of them declare the judgments would have been void when questioned collaterally.

It is further insisted that the execution was void because

it was issued before the expiration of twenty days after the rendition of the judgment and that there is no proof of any affidavit having been made as required by law in such cases. A sufficient answer to this position is that the transcript of the justice's docket introduced in evidence shows that an affidavit was so filed. But even if that were not the case, the execution was not absolutely void, and therefore, as between the parties to it, the levy was valid and appellees can not attack it on that ground. Brown v. Jerome, 102 Ill. 371; Johnson v. Holloway, 82 Ill. 327; Jackson v. Hobson, 4 Scam. 411; Hartman v. Cochrane, 2 Bradwell, 592.

It is next insisted that the necessary proof was not made that appellant was a constable of the county of Greene. Appellant claims to be a police constable elected under the charter of the town of Greenfield. By Art. III, Sec. 3, it is provided that "at all elections held under this act, when a police magistrate or constable are to be elected, there shall be three judges and two clerks; one of the poll books shall be returned to the president of the council and one to the county clerk, who shall proceed in all cases, as when justices of the peace and constables are elected by general laws of this State. By Art. VII, Sec. 1, it is provided that a town constable shall be elected at the same time as the police magistrate, who shall have the same powers within said county and shall give bond and qualify as other constables. Pr. Laws 1867, Vol. 3, 405, 409.

It is provided by R. S. Ch. 79, Sec. 9, that "Certificates of election shall be granted to constables elect by the county clerks which shall be sufficient to authorize them to act." This certificate takes the place of the commission from the governor to be issued to justices of the peace, as provided for in the next preceding section, and is not to issue until the constable shall have been duly qualified.

Such a certificate was issued to appellant, and the same was offered in evidence in the trial of this case, together with proof of his acting as constable. We are of the opinion this was at least *prima facie* evidence of his right to the office. There being no evidence to the contrary, this point was sufficiently

Schemerhorn v. Mitchell.

proved. 1 Greenleaf on Ev., Sec. 92, and cases cited. Schlenck-er v. Risley, 3 Scam. 483; Outhouse v. Allen, 72 Ill. 529.

The two last cited cases hold that something more than mere reputation is necessary to establish the title of an officer when he interposes a plea of justification in his own defense, but we do not understand them to hold that he is bound to support his title by the same degree or quality of evidence that would be required in a proceeding by *quo warranto* to oust him from his office. When defending in his own right he may be called upon to show by competent proof a right to the office, but when the interests of the public or of third parties are involved, the party interested is only bound to show him to be an officer *de facto*.

We are therefore of opinion that the levy was a valid one, and that, as to that portion at least of the stock in trade as was purchased after the execution of the mortgage, the judgment of the court should have been for the defendant, appellant in this court.

At the time of the execution of the mortgage the property belonged to the firm of Finley & Schnell, but in the meantime Finley had sold his interest to Schnell, so that at the time the execution issued the property belonged to Schnell exclusively. There can no question arise therefore as to the property being partnership property, or of its being primarily liable for the firm debts, and it was error for the court to instruct the jury upon that point. The exceptions to the other instructions we think are sufficiently covered by what has already been said.

For the reasons aforesaid the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.