MYERS *v.* MURPHY ET AL.

DEPOSITION.—*Narrative Form of.—Questions.—Practice.*—Where, in taking a deposition, the opposite party fails to appear, or, appearing, fails to require that each question be written down before it is answered, he can not afterward object that the deposition was taken in a "narrative form."

SAME.—*Irrelevancy.—Objection for, When Taken.*—An objection to a deposition, on the ground that it is irrelevant, should be made at the time it is offered in evidence, and not by a motion to suppress on that ground, made before the trial.

SAME.—*Expert.*—Where a deponent, in giving evidence as to the quality of goods, which is in issue, testifies that he is a judge of such quality, and is uncontradicted, a motion to suppress, on the ground that he is not "shown to be competent," should be overruled.

SAME.—*New Trial.—Assignment of Error.—Supreme Court.*—Matter which is simply cause for a new trial should be assigned as such in a motion therefor, and not independently as error, on appeal to the Supreme Court.

SAME.—*Instructions to Jury.—Record on Appeal.*—In the absence from the record of the instructions given to the jury by the court, the Supreme Court can not say that error was committed by the refusal of instructions asked, even though the latter be abstractly right in themselves.

SAME.—*Presumption.*—Unless the record on appeal exclude every reasonable presumption of the correctness of the decisions of the lower court, they will be presumed by the Supreme Court to be right.

From the Marion Circuit Court.

*W. W. Herod, F. Winter, A. B. Young* and *E. A. Brown,* for appellant.

*A. Fairhurst* and *J. A. Holman,* for appellees.

HOWK, J.—In this action the appellees, as plaintiffs, sued the appellant, as defendant, before a justice of the peace of Marion county, Indiana.

In their complaint, the appellees alleged, in substance, that they were, and had been for more than one year, partners in business under the firm name of N. Murphy & Sons; that, on the 31st day of December, 1875, they ordered from the appellant one car load of ear corn, he being then a dealer in grain; that said corn was to be the best corn in the market, and sound and first-class; that the appellees paid the appellant for said corn the sum of two hundred dollars; that they did not see the corn until they had paid therefor, when it was delivered at Ogden, Indiana, by the railroad company; that they then examined and found it to be unsound, musty, and of no market value; that they refused and still refuse to accept the same, and notified the appellant accordingly, and demanded a car load of corn such as they had ordered and paid for, or, in lieu thereof, the two hundred dollars so paid to appellant; that the appellant refused to furnish said corn or to pay said money; and that the appellant was justly indebted to the appellees in the said sum of money, which was due and unpaid, and for which they demanded judgment.

In the second paragraph of their complaint, the appellees alleged, that the appellant was indebted to them in the sum of two hundred dollars, for money had and received by him to and for their use; and in a like sum of money loaned by the appellees to the appellant, at his request; and in a like sum of money paid by the appellees to and for the use of the appellant; all of which sums were due and unpaid, and a bill of particulars thereof was therewith filed. Wherefore the appellees demanded judgment for two hundred dollars.

A trial by jury before the justice resulted in a verdict for the appellees, on which the justice rendered judgment, from which there was an appeal by the appellant to the court below. In this latter court, the cause was tried by a jury, and a verdict was returned for the appellees, assessing their damages in the sum of one hundred and seventy-eight dollars and forty-four cents. The

appellant's motion for a new trial was overruled, and to this decision he excepted; and the court rendered judgment on the verdict, from which judgment this appeal is now prosecuted.

In this court the appellant has assigned, as errors, the following decisions of the court below:

1.  In overruling his motion to suppress the depositions of the appellees' witnesses;

2.  In refusing to give the instructions asked for by the appellant;

3.  In refusing to read to the jury the instructions asked for by the appellant; and,

4.  In overruling the appellant's motion for a new trial.

1.  The appellant's motion to suppress the appellees' depositions was in writing, and the reasons assigned in said motion for suppressing said depositions were as follows:

1st.   Because each of said depositions was "taken in narrative form and contrary to law;"

2d.   Because the testimony of each of said witnesses was "irrelevant and wholly incompetent;" and,

3d.   Because neither of the said witnesses was "shown to be competent to testify in the manner set forth in his deposition."

There is no provision in our code of practice in relation to the taking of depositions, which requires that the questions, propounded to the deponent, should be reduced to writing or set out in the body of the deposition.   If the adverse party appear at the time and place of taking the deposition, and require it, each question should be written down before it is answered.   But, if the adverse party fail to appear at the taking of the deposition, or if, on appearance, he fail to require that the questions to the deponent be written down before they are answered, in either event, he ought not afterward to be allowed to object to the depositions upon the grounds that they were

written in a narrative form, or that the questions were not written down before they were answered.

In the case of *King* v. *Andrews*, 30 Ind. 429, FRAZER, J., in delivering the opinion of the court, made use of this language: "It is also insisted that the court erred in allowing the appellee, when testifying as a witness, to state the facts without being interrogated, the appellant objecting. We know of no reason or authority which would warrant us in reversing the case upon this ground."

In the case now before us, we may well say, as it seems to us, that we know of no reason or authority, which would warrant us in reversing the judgment of the court below, upon the ground merely that the appellees' depositions were " taken in a narrative form."

The second reason assigned for suppressing said depositions was, that the testimony of each deponent was " irrelevant and wholly incompetent." The appellant's motion to suppress was made before the trial of the cause, and at a time when the court could not possibly know whether the depositions would be relevant or irrelevant.

When the depositions were afterward offered in evidence, it does not appear that the appellant then objected to their admission in evidence, on the ground of their irrelevancy. In so far as the irrelevancy of the depositions is concerned, it is clear that the court did not err in overruling the appellant's motion at the time it was made; and at the time when the irrelevancy, if it existed, of the depositions would have been available, the objection thereto, on that ground, was not made by the appellant. There is, therefore, no question before us, in relation to the irrelevancy of the depositions. *Covey* v. *Campbell*, 52 Ind. 157.

We are of the opinion, however, that the depositions in question were both relevant and competent.

One of the questions in issue in this case was the quality and condition of the car load of corn described in the complaint, at the time of the sale and delivery thereof

by the appellant to the appellees. The testimony of each of the deponents bore directly on this question. Each of them had seen and examined the corn immediately after its delivery at Ogden, and each of them testified clearly and explicitly as to the condition and quality of the corn, at that time. Each of the deponents also testified, that he was a judge of the quality of corn; and this testimony, we think, as it was not contradicted, effectually disposed of the third reason assigned by the appellant for the suppression of the depositions. For, if each of the deponents was shown to be a judge of the quality of corn, it is clear that he was thereby " shown to be competent to testify in the manner set forth in his deposition." For the reasons given, in our opinion, the court below did not err in overruling the appellant's motion to suppress the appellees' depositions.

The second and third errors assigned by the appellant are merely causes for a new trial, and are not properly assignable as independent errors, in this court. As, however, these alleged errors were assigned by the appellant as causes for a new trial, in his motion therefor addressed to the court below, we may as well dispose of the question presented by the alleged errors, in this connection.

In the fifth clause of section 324 of the practice act, it is provided, that " When the argument of the cause is concluded, the court shall give general instructions to the jury, which shall be in writing, and be numbered and signed by the judge, if required by either party." 2 R. S. 1876, p. 167.

In the case now before us, the record shows that the court below, in the discharge of its statutory duty, gave instructions to the jury trying the cause; but these instructions were not made part of, and do not appear in, the record of this cause. In the absence of the instructions actually given by the court, we can not possibly say that the court below erred in its refusal to give the jury the instructions asked for by the appellant. For, even if

Myers *v.* Murphy *et al.* ·

it were conceded that the instructions asked for and refused were right and proper, and stated the law correctly, yet we do not know, and can not know, from the record, that the court below did not give those instructions for the reason that their legal substance had been already given to the jury, by the court, in its own language.

All the presumptions are in favor of the correctness of the decisions of the court below, and where a party claims in this court, that any of those decisions are erroneous, he must so save and present the alleged erroneous decision, in the record, as to exclude every reasonable presumption in favor of such decision. In this case, as the appellant failed to make the instructions of the court below to the jury a part of the record, it is impossible for us to know, with any certainty, whether or not the court erred in its refusal to give the jury the instructions asked for by the appellant; and therefore we are bound to presume, that the court did not err in such refusal.

The other causes for a new trial, assigned by the appellant in his motion therefor, were, that the verdict of the jury was not sustained by sufficient evidence, and was contrary to law. These causes for a new trial present for our consideration only the simple question: Was there any sufficient legal evidence before the jury, tending to sustain their verdict in this case? We think there was an abundance of such evidence.

We find no error in the record of which the appellant can complain.

The judgment is affirmed, with ten per centum damages, at the costs of the appellant.