STOTT v. SMITH.

SUPREME COURT.—*Interrogatories to Party, made part of Record by Bill of Exceptions, or Order of Court.*—Interrogatories put by a party to an opposite party, a motion by the latter to have them struck out, the ruling of the court thereon, and the answers thereto, can be made part of the record, on appeal to the Supreme Court, only by a bill of exceptions or by order of the court below.

SAME.—*Harmless Error.*—Where the answers to such interrogatories are not given in evidence, error in refusing to strike them out is harmless.

SAME.—*Pleading Struck Out.—How Made Part of Record.*—A pleading struck out on motion forms no part of the record on appeal to the Supreme Court, unless made such by order of the court below, or set out in a bill of exceptions.

Stott v. Smith.

SAME. — *Refusal to give Instructions Asked.* — *Record.* — *Presumption.* — Where the record does not show that the court below did not give "the general instructions to the jury," required by section 324 of the practice act, the Supreme Court will presume that such instructions were given, and, therefore, that the substance of instructions asked and refused was covered by such "general instructions."

SAME. — *Instruction Asked must be Signed.* — Error can not be assigned upon the overruling of a motion for a new trial, based upon a refusal to give unsigned instructions.

SAME — *Misconduct of Juror.* — *Affidavit.* — *Record.* — Where a motion for a new trial is based upon alleged misconduct of a juror, it must be sustained by affidavit; and both the motion and affidavit must be made part of the record by bill of exceptions or order of court, to present any question thereon to the Supreme Court.

CONVERSION. — *Instruction.* — *Lien of Execution.* — In an action for the alleged conversion of certain lumber, wherein the plaintiff claimed by direct purchase from the former owner, and the defendant by virtue of a purchase at a sheriff's sale on an execution against such former owner, it was proper to instruct the jury, that, if they found from the evidence that the title to any part of the lumber had not passed to the plaintiff before the lien of such execution had attached thereto, then, as to that part, the defendant should recover.

SAME. — Where, in such case, there was evidence tending to show a former ownership adverse to the defendant's title, it was the duty of the court to instruct the jury on that point.

From the Gibson Circuit Court.

*W. M. Land* and *R. M. J. Miller,* for appellant.

*W. H. Trippet, M. W. Fields,* —— *Gookins* and *G. C. Duy,* for appellee.

HOWK, J. — In this action, the appellee sued the appellant, in a complaint of one paragraph, wherein he alleged, in substance, that on the 12th day of July, 1877, he, the appellee, was the owner, and lawfully possessed, of a certain amount of poplar lumber, particularly described, which said lumber the appellant afterward, on said last named day, unlawfully took possession of and converted to his own use; that the said lumber, so converted by the appellant to his own use, was of the value of twenty-five hundred dollars; and that, by means of such unlaw-

ful taking and conversion, the appellee was damaged in said last named sum.   Wherefore, etc.

With his complaint, the appellee filed certain interrogatories, to be answered under oath by the appellant; the first two of these interrogatories the appellant moved the court to strike from the record, but the motion was overruled, and to this ruling he excepted.   He then answered in two paragraphs, of which the first was a general denial, and the second paragraph was a special defence.   On the appellee's motion, the court struck out the second paragraph of the answer, and to this action and decision the appellant excepted.

The cause, being at issue on the general denial, was tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of twelve hundred and eighty dollars and ten cents.   The appellant's motion for a new trial having been overruled, and his exception saved to this decision, the court rendered judgment on the verdict.

The following decisions of the circuit court have been assigned as errors, by the appellant, in this court :

1.   In overruling his motion to strike out the first and second interrogatories filed with the complaint;

2.   In sustaining the appellee's motions to strike out and reject the second paragraph, and the additional second paragraph, of the answer ;

3.   In overruling his first motion for a new trial; and,

4.   In overruling his second motion for a new trial.

We will consider and decide the several questions arising under these alleged errors, in the order of their assignment.

1.   It is claimed by the appellant's counsel, that the court erred in overruling the appellant's motion to strike from the record the first two interrogatories filed with the complaint, and in requiring him to answer the same under oath; and, for this supposed error, counsel ask us to reverse

Stott *v.* Smith.

the judgment below. It is certain, we think, that if the alleged ruling of the court, on the motion to strike out these interrogatories, were in fact erroneous, yet the error was not properly saved by the appellant, and is not apparent in the record. Neither the interrogatories, nor the motion to strike them out, nor the ruling of the court thereon, were embodied in any bill of exceptions, or were made parts of the record by any order of the court; and they could not, under the law, be made component parts of the record of this cause, in any other manner. 2 R. S. 1876, p. 242, sec. 559. Besides, as it was shown by the bill of exceptions, that the answers to these interrogatories were not used as evidence on the trial of the cause, the supposed error, even if it existed and were apparent in the record, was entirely harmless; and we need hardly say that such an error would not be available for the reversal of the judgment below. Buskirk Practice, 284, and cases cited.

2. The appellant complains of the action of the court in striking out the second paragraph, and an additional second paragraph, of his answer. This action or decision of the court was not made a part of the record, either by a bill of exceptions or by an order of the court; and therefore, if it were conceded to have been erroneous, the alleged error was not properly saved and is not apparent in the record. Where a pleading, or any part of it, has been struck out or rejected in the trial court, such pleading or part thereof, so struck out or rejected, will not thereafter constitute any part of the record of the cause, unless it has been duly made a part of the record, either by a bill of exceptions or by an order of the court. In this case, the rejected paragraphs of the appellant's answer were not made parts of the record in either of the modes prescribed by law. Code, sec. 559, *supra.*

3. The third error is, that the court erred in overrul-

ing the appellant's first motion for a new trial. In this motion, the following causes for such new trial were assigned :

1. The verdict of the jury was contrary to law ;

2. The verdict was not sustained by sufficient evidence ;

3. Error of the court in giving special instructions numbered 2, 3, 4, 5 and 6, to the jury, at the appellee's request ;

4. Error of the court in refusing to give the jury special instructions numbered 2, 6, 8, 9 and 10, at the appellant's request ;

5. Error of the court in giving the jury special instructions numbered 6 and 8, asked by the appellant, as modified by the court ; and,

6. Damages assessed by the jury were excessive.

We will first consider and dispose of the questions presented by the third, fourth and fifth causes for a new trial, which relate to the action of the court in giving and refusing to give the jury certain special instructions. It may be premised, that, by the fifth clause of section 324 of the code, it was made the duty of the court, when the argument of the clause was concluded, to " give general instructions to the jury." 2 R. S. 1876, p. 167.

Where, as in the case at bar, the contrary is not shown by the record, we are bound to assume that the court discharged its plain statutory duty, and at the proper time gave the jury such " general instructions." These general instructions of the court are not in the record. In their absence, if it were conceded that the special instructions asked by the appellant stated the law correctly, and were applicable to the case, we would be bound to conclude that the court had refused to give the jury such special instructions, for the reason that their legal substance had been already given, in the court's own language, in its " general instructions."

The court may, possibly, have refused to give the jury the special instructions asked for by the appellant, for another valid and sufficient reason, even upon the hypothesis that these instructions contained a correct statement of the law applicable to this case. Under the code and the decisions of this court, it would seem to be settled, that, when special instructions are requested to be given to the jury, they must be signed by the party or his attorney; and that, if not thus signed, the party asking such instructions would be in no condition to complain of the court's refusal to give them. *The Jeffersonville, etc., R. R. Co.* v. *Cox,* 37 Ind. 325; *Etter* v. *Armstrong,* 46 Ind. 197; Buskirk Practice, 105.

In the case now before us, the record fails to show that the special instructions asked for and refused were signed by the appellant or his attorneys. The court's reasons for its refusal to give these instructions are not stated or apparent; and it is certain that the record does not exclude the presumption that the instructions were refused for sufficient reasons. *Fitzgerald* v. *Jeroloman,* 10 Ind. 338.

All the presumptions are in favor of the correctness of the court's refusal to give the jury the special instructions asked for; and certainly the record before us wholly fails to exclude the reasonable presumptions in favor of the court's decision. *Myers* v. *Murphy,* 60 Ind. 282. We can not say from the record, that the court erred in its refusal to give the jury the instructions asked for by the appellant; and therefore we are bound to say that such supposed error was not committed.

Of the instructions given the jury at the appellee's request, the appellant's counsel complain, in argument, only of the third and fifth; and of these counsel say, that, "however well these instructions may have stated the law, as applied to a proper case, we contend they

aré entirely irrelevant and inapplicable to the present case, for the reason that there is nothing whatever in the evidence tending to show that " the property described in the complaint " was partnership property." In other words, counsel concede, as we understand them, that these two instructions state the law correctly, but they claim that they were impertinent and inapplicable to this case. It seems to us, however, from our reading of the record, that there was enough evidence introduced on the trial, in reference to the former ownership of the property in controversy by a certain copartnership, not only to justify, but to require, the court to give the jury the instructions complained of.

We are of the opinion also, that the court committed no error in giving the jury the instructions numbered 6 and 8, asked by the appellant, as the same were modified by the court. Indeed, we fail to see upon what ground the appellant can reasonably complain of either of these modified instructions. The appellee claimed to own the lumber in controversy, upon the ground that the same had been manufactured for, and sold and delivered to, him by one Alexander C. Small; while the appellant claimed that he was the owner of such lumber, by purchase thereof at sheriff's sale, on an execution against the said Small. The question for trial and decision, between the appellee and the appellant, was whether or not the lien of said execution attached to the whole or any part of said lumber, before the title thereto became vested in the appellee. In the sixth and eighth instructions, as modified, the court told the jury, in substance, that if they found from the evidence, that the title to any part of said lumber did not pass to and vest in the appellee, before the lien of said execution had attached thereon, then, as to such part of said lumber, they must find for the appellant. We think, that these modified instructions stated the law correctly and were applicable to the case made by the evidence.

Stott v. Smith.

It seems to us, that there was evidence introduced on the trial, which tended fairly to sustain the verdict, and that it was not contrary to law ; and certainly we cannot say from the record, that the damages assessed were excessive.

Our conclusion is, that the court did not err in over-ruling the appellant's *first* motion for a new trial.

4. In his *second* motion for a new trial, the only cause therefor, assigned by the appellant, was the alleged misconduct of one of the jurors of the jury trying the cause. This is one of the statutory causes for a new trial, which, under section 355 of the practice act, " must be sustained by affidavit showing their truth." 2 R. S. 1876, p. 183. In this case, it would seem that the appellant had filed with his second motion for a new trial, in the court below, certain affidavits for the purpose, as we suppose, of showing the truth of the cause assigned in said motion for such new trial. But these affidavits were not, nor was either of them, made parts of the record of this cause, either by a bill of exceptions or by an order of the court. It is certain, therefore, that these affidavits, although copied by the clerk, are not properly parts of the record, and can not be considered by this court in determining the question intended to be presented by the fourth alleged error. *Fryberger* v. *Perkins,* 66 Ind. 19. It follows from what we have said, that, even if the court erred in overruling the appellant's *second* motion for a new trial of this action, the error was not properly saved in either of the modes prescribed by law, and is not apparent in the record.

We have found no error in the record of this cause, which would justify this court in the reversal of the judgment below.

The judgment is affirmed, at the appellant's costs.