### BOWEN v. POLLARD, ADM'R.

### No. 7269.

PRACTICE.—*Pleading.*—*Answer.*—*Draft.*—*Extension of Time for Presentment.*—*Demurrer.*—Where the complaint in an action against the drawer of a draft by the payee thereof, upon its dishonor by the drawee, alleges an agreement with the drawer by the payee for an extension of time for the presentation thereof, an answer alleging neglect to present such draft for acceptance and payment within a reasonable time, but not controverting such agreement, is insufficient on demurrer.

SAME.—*Harmless Error.*—*Supreme Court.*—Where all the material facts of an answer might be given in evidence under the general denial, the overruling of a demurrer to such answer is harmless, and not available error for the reversal of the judgment in the Supreme Court.

SUPREME COURT.—*Evidence.*—*Record.*—*Bill of Exceptions.*—Where, on appeal to the Supreme Court, the record does not contain the evidence, and the rulings of the court on the trial are not made part of such record by a bill of exceptions, the judgment of the trial court will not be reversed on account of any supposed error in the admission or rejection of evidence, or of any question in regard to the weight or sufficiency thereof.

INSTRUCTION.—*Presumption.*—*Record on Appeal.*—*Supreme Court.*—Where the record fails to show that the court did not instruct the jury as required by the fifth clause of section 324, 2 R. S. 1876, p. 167, the Supreme Court will presume that such instructions were given ; and, therefore, that the substance of the instructions asked and refused was covered by such " general instructions."

SAME.—*Existence of Fact.*—*Principal and Agent.*—*Presumption.*—Where agency is a material fact under the issues in a cause, and the instructions of the court to the jury assume such agency as established, the Supreme Court, on appeal, will presume such assumption to have been correct, where the evidence is not in the record.

From the Tippecanoe Circuit Court.

*J. Applegate,* for appellant.

*B. B. Daily, R. P. Davidson* and *J. C. Davidson,* for appellee.

HOWK, J.—This case is now before this court for the second time. When it was first here, the opinion of the court, reversing the judgment of the court below, was pronounced by NIBLACK, J., and is reported under the title of *Pollard, Adm'r,* v. *Bowen,* 57 Ind. 232.

On the 6th day of May, 1870, the appellee's decedent, Robert M. Barkley, then in full life, commenced this action against the appellant, in the court of common pleas of Carroll county. In October, 1870, the venue of the cause was changed to the court of common pleas of Cass county; and afterward, in October, 1873, its venue was again changed to the Tippecanoe Circuit Court. The cause of action sued upon was a draft or check, drawn by the appellant and payable to the order of said Robert M. Barkley, of which the following is a copy:

"1,172.50.                          DELPHI, May 27th, 1869.

" Pay to the order of Robert M. Barkley eleven hundred seventy-two and $\frac{50}{100}$ dollars, value reeived, and charge the same to account of                          A. H. BOWEN.

" To Messrs. Lockwood & Co.,

" No. 345.              New York."

The death of the original plaintiff, Robert M. Barkley, on the 20th day of February, 1873, was suggested to the court, and the administrator of his estate, Charles R. Pollard, was substituted as plaintiff in his stead.

The appellee's complaint contained two paragraphs, to

each of which the appellant's demurrer for the want of facts was sustained by the court below, and judgment was rendered accordingly. On appeal to this court, however, as we have seen, this judgment was reversed, and the cause was remanded, with instructions to over-rule the demurrer to the second paragraph of the complaint, which was done.

This second paragraph became thereafter the only complaint of the appellee in this action, and will be so considered and spoken of in this opinion. The appellee alleged therein, in substance, that the appellant was indebted to him in the amount of the draft, a copy of which is above set out, which said draft was in due time presented to and at the banking house of Messrs. Lockwood & Co. for payment, which was refused, and said draft was duly protested for such non-payment; that, at the time the appellant executed the said draft or check, a verbal agreement was made by and between him and the said Robert M. Barkley, the payee thereof, to the following effect: The appellant asked the said Barkley if he wished to use the draft immediately, and was informed that he, Barkley, would not want to use the draft until fall, and perhaps not then, as he was going West to purchase land, and, when he found land to suit him, he would then want to use the draft; and it was then agreed to and understood by and between the appellant and said Barkley, that the latter should not present said draft immediately to said Lockwood & Co., but that he should hold the same until fall, or until such time as he should desire to use it, as the appellant wanted to have the use of the money until the said Barkley should wish to draw the same; that, acting under said agreement so made with the appellant, the said Barkley did not present the said draft until he wanted the use of the money, and had purchased land, as contemplated, which was in January, 1870; that, at the date last named,

the said Barkley presented the said draft for payment, at the banking house of Messrs. Lockwood & Co., upon whom the draft was drawn; that, upon such presentation, the said Lockwood & Co. wholly failed and refused to pay the said draft, and the same was then duly protested for non-payment, of all which the appellant then had due notice.

In the case of *Pollard* v. *Bowen, supra,* the alleged contemporaneous agreement between the appellant, as drawer, and the said Barkley, as the payee, of the draft in suit, for an extension of the time for its presentment for payment, as recited in the second paragraph of the complaint, was the special subject for the consideration of this court; and it was then held, upon a careful examination of the authorities, that the agreement in question was legal, valid and binding, and constituted a sufficient excuse for the delay of said Barkley in the presentment of said draft for payment. That decision is good law, we think, and it is certainly the law of this case.

The appellant answered in nine paragraphs, of which the eighth paragraph was a general denial of all the allegations of the complaint, except of his execution of the draft in suit; and in each of the other paragraphs he stated affirmative or special matters, by way of defence. To each of the first five paragraphs of the answer, the appellee's demurrers, for the alleged want of facts, were severally sustained by the court, and to each of these decisions the appellant excepted. To the remaining paragraphs of the answer, the appellee replied by a general denial.

The issues joined were tried by a jury, and a general verdict was returned for the appellee, assessing his damages in the sum of eighteen hundred and thirty-seven dollars and forty-four cents. With their general verdict, the jury also returned into court their special findings upon particular questions of fact submitted to them by

the appellant under the direction of the court; but, as no motion was made by the appellant for a judgment upon these special findings of facts, we need not set them out in this opinion. The appellant's motion for a new trial having been overruled, and his exception saved to this ruling, the court rendered judgment upon the general verdict, from which judgment this appeal is now prosecuted.

In this court, the appellant has separately assigned, as errors, the decisions of the circuit court in sustaining demurrers to each of the first five paragraphs of his answer, and in overruling his motion for a new trial.

The questions presented for the decision of this court, by the errors assigned on the several decisions of the court below, in sustaining the demurrers to the first five paragraphs of the answer, may properly be considered together; as, in each of the said paragraphs, the appellant stated and relied upon substantially the same facts, as constituting his defence to this action. Thus, in each of the said paragraphs of answer, the appellant admitted his execution of the draft in suit, and he averred, that at the date of the draft, and continuously thereafter, until the 1st day of January, 1870, he had funds in the hands of Lockwood & Co., subject to his draft or check, more than sufficient for the payment of the draft in suit, and that the dishonor of said draft arose wholly from the neglect of said Barkley to present the same for acceptance and payment within a reasonable time, and not otherwise. The foregoing facts, with slight changes in verbiage and phraseology, are alleged in each one of the first five paragraphs of the answer. In neither one of the said paragraphs did the appellant controvert, in any manner, the alleged agreement between him and said Barkley for an extension of the time for the presentment of the draft in suit, as such agreement is stated and set forth in appel-

lee's complaint. Under section 74 of the code, the agreement in question must be taken as true, in considering the sufficiency of each of the said paragraphs of answer. 2 R. S. 1876, p. 71.

Viewed in the light of said agreement, it is certain, we think, that the facts alleged by the appellant, in the first five paragraphs of his answer, were wholly insufficient to constitute a defence to this action, and that the demurrers thereto were correctly sustained.

But, if it were otherwise, if the court had erred in sustaining the demurrers to these paragraphs of answer, we are of the opinion that these errors would not be available to the appellant, for the reversal of the judgment below. For it is certain that every material fact, alleged in said paragraphs of answer, might have been, and probably was, given in evidence under the general denial pleaded in the eighth paragraph of the answer. Therefore, the alleged errors of the court, if such they were, in sustaining demurrers to the first five paragraphs of answer, were entirely harmless to the appellant; and we have often decided, that we will not reverse a judgment for harmless errors.

The only remaining error, assigned by the appellant, is the decision of the court below in overruling his motion for a new trial. In this motion, nine different causes were assigned for such new trial; and five of these causes related to the evidence adduced upon the trial, and questions connected therewith. It would be a waste of time and labor, as it seems to us, to set out the causes for a new trial in this opinion; for the evidence is not in the record, nor were any of the rulings of the court on the trial made parts of the record by a bill of exceptions, or otherwise. In such a case, it is settled by the decisions of this court, that the judgment below will not be reversed, on account of any supposed error in the admission or rejection of evidence, or of any question in regard to the weight or

sufficiency of the evidence. *Railsback* v. *Greve*, 58 Ind. 72; *Gale* v. *Parks*, 58 Ind. 117; *Brownlee* v. *Hare*, 64 Ind. 311; Buskirk Practice, 149, and cases there cited.

In the fifth clause of section 324 of the code, it is provided, that, "When the argument of the cause is concluded, the court shall give general instructions to the jury, which shall be in writing, and be numbered and signed by the judge, if required by either party." 2 R. S. 1876, p. 167.

The record of this cause fails to show that the court did not, when the argument was concluded, discharge its plain statutory duty; and, therefore, we are bound to conclude that, in the discharge of such duty, the court did, at the proper time, "give general instructions to the jury." *Myers* v. *Murphy*, 60 Ind. 282. But these " general instructions" of the court were not made part of, and do not appear in, the record of this cause. The appellant asked the court to give the jury certain written instructions, numbered from one to twenty-three inclusive; and, of these instructions, the court refused to give those numbered 1, 3, 6, 7, 10, 17, 18, 21 and 23, and this refusal the appellant assigned as a cause for a new trial, in his motion therefor. Without setting out or commenting upon these several instructions in detail, it will suffice for us to say in relation thereto, that, in the absence from the record of the " general instructions" of the court, we can not say that the court erred in its refusal to give the jury any of the instructions asked for by the appellant. For, if it be conceded that the instructions asked for and refused contained a correct statement of the law applicable to the case made by the record, yet we do not and can not know from the record, that the court did not refuse to give the jury those instructions because it had already given their substance in its own language. The legal presumption is, that the court com-

mitted no error in its refusal to give the instructions asked for; and this presumption has not been removed nor overborne by any matter apparent in the record.

The appellant also assigned, as cause for a new trial, the action of the court in giving the jury certain written instructions, at the appellee's request; but, in argument, the appellant's learned counsel had barely alluded to only two of these instructions, numbered 7 and 8, in his interesting brief of this cause. The same objection is urged by counsel to both these instructions, or rather to the following expression, substantially used in each of them: "If the jury find that, at the time the draft was executed and delivered, the defendant, Abner H. Bowen, either in person or by his authorized agent, Robert Bowen, in the presence of the said defendant, then requested the said Robert M. Barkley to hold the said draft, during an indefinite period, without presentation," etc. It is objected by counsel to this expression, that it assumed that Robert Bowen was the authorized agent of the appellant. But the evidence is not in the record, and, in its absence, we do not know that the fact of Robert Bowen's agency for the appellant was not admitted by him, or established by uncontradicted evidence, on the trial of the cause; and, in either case, the court might well assume the existence of such fact, we think, in its instructions to the jury.

We are of the opinion, that the court did not err in overruling the appellant's motion for a new trial.

We have found no available error in the record of this cause.

The judgment is affirmed, at the appellant's costs, with ten per cent. damages.

Opinion filed at May term, 1880.
Petition for a rehearing overruled at November term, 1880.