## No. 7179.

## FOSTER v. WARD.

SUPREME COURT.—*Practice.*—*Trial Court.*—*Presumptions.*—All the presumptions are in favor of the correctness of the trial court's rulings, and will be indulged by the Supreme Court, in the absence of any showing of positive error.

EVIDENCE.—*Competency of Testimony of Witness as to Value.*—On trial of an action for money due and unpaid, for feeding cattle and hogs from December 3d, 1877, to February 20th, 1878, testimony of a witness living twelve miles distant, as to the value of the corn and fodder, so fed, in the shock during December, 1877, and January and February, 1878, in his neighborhood, was competent and relevant in support of a paragraph of the complaint, accompanied by a bill of particulars containing items of the number of bushels of ear corn and of shocks of corn-fodder so fed and price of each, upon which paragraph issue was joined by general denial only.

SAME.—*Neighborhood.*—*Inference.*—In such case, notwithstanding the distance between the residence of the witness and that of the plaintiff, his evidence was competent, its weight being a question for the jury. There is no inference that the hogs were not fed "in his neighborhood."

From the Noble Circuit Court.

*A. A. Chapin*, for appellant.

HOWK, C. J.—In this case, the appellee sued the appellant in a complaint of three paragraphs, for the recovery of certain money alleged to be due and unpaid. The cause, having

been put at issue, was tried by a jury, and a verdict was returned for the appellee; and over the appellant's motion for a new trial, and his exception saved, judgment was rendered against him for the appellee, on the verdict.

The only error assigned by the appellant here is the decision of the circuit court in overruling his motion for a new trial. In this motion a number of causes were assigned for such new trial, the first of which was as follows:

"1st. The court erred in permitting the witness William D. Hays to testify as to the value of corn in the shock, in his neighborhood, during the months of December, 1877, and January and February, 1878."

In his brief of this cause, the appellant's counsel has expressly limited this court to the consideration of the question presented by this first cause for a new trial, and upon which alone he asks for the reversal of the judgment below. The appellee has not favored this court with any brief or argument in support of the rulings of the trial court.

We find it necessary to an intelligible presentation of the alleged error of law, complained of by the appellant, and of our decision of the question arising thereunder, that we should first give a summary of the appellee's cause or causes of action, as stated in the several paragraphs of his complaint. In the first paragraph the appellee declared upon a special contract, whereby he agreed to receive, keep and feed, on his farm, from December 3d, 1877, to February 20th, 1878, fourteen cattle and twenty hogs, belonging to the appellant, for the keeping and feeding of which cattle and hogs, the appellant agreed to pay the appellee at the rate of seventy-five cents for each hundred the cattle should weigh when delivered to appellee, and four cents for each pound increase of weight during said keeping and feeding, and $3.75 for each hundred pounds increase of weight in said hogs, during said keeping and feeding, to be paid on the 20th day of February, 1878; and appellee averred the full performance of

said contract on his part, and that, during said time, the cattle had increased in weight twelve hundred pounds, and the hogs had increased in weight one thousand five hundred and thirty pounds, and that there was due and payable to him from the appellant, on said contract, the sum of $219.07.    Wherefore, etc.

In the second paragraph of his complaint the appellee sued the appellant on an open account for $219.07, alleging that the appellant was indebted to him in that sum for keeping and feeding the same number of cattle and the same number of hogs, during the same period of time mentioned in the first paragraph of complaint, charging therefor in the same manner and at the same rate as specified in the special contract counted upon in the first· paragraph, which said indebtedness was due and payable.    Wherefore, etc.

In the third paragraph of his complaint the appellee alleged, in substance, that the appellant was indebted to him in the sum of $219.07, for feed, care and attendance before that time found,· provided and bestowed, for the feeding and keeping of divers cattle and hogs of and for the appellant, at his request, a bill of particulars of which was filed with and made a part of said paragraph ; which said sum of money, the appellee averred, was then due and wholly unpaid.    Wherefore, etc.

The case having been put at issue was·tried by a jury, and a verdict was returned for the appellee.    On the trial, William D. Hays, a witness for appellee, was asked by him to state the value of corn per bushel, in the shock, during the period between the 3d day of December, 1877, and the 20th day of February, 1878, where the appellee resided.    The witness said that he lived twelve miles distant from the appellee, and only knew the value in his neighborhood ; that he was a farmer and cattle dealer and feeder ; that he had fed and dealt in cattle for the last ten years ; that he had fed cattle during winters on corn in the shock ; that 1,200

Foster *v.* Ward.

pounds was a good gain on fourteen head of cattle, weighing 15,160 pounds, fed from December 3d until the following 20th of February; that corn-fodder in the shock was worth eight cents per shock; that there were as many feeders in the appellee's neighborhood as in his own. The appellee then insisted that the witness should give his opinion of the value of corn, to which the appellant objected, for the reason that the question at issue was the value of corn in the shock, at appellee's farm, and it was apparent that the witness was not qualified to testify in regard thereto, and it was irrelevant and incompetent to permit the witness to testify as to the value; but the court overruled the objection and permitted the witness to testify in regard thereto, that the value of corn in the shock, during the said period, was thirty cents per bushel; to all of which the appellant at the time excepted, and notified the court that he would reserve the question under the code. Thereupon the court prepared a bill of exceptions for that purpose, wherein, to present the question properly to this court, the trial court stated that evidence had been given tending to show that the appellee had fed cattle for appellant during the months of December, 1877, and January and February, 1878, upon corn in the shock, and at no other place, under a contract whereby the appellant had agreed to pay the appellee seventy-five cents per 100 pounds upon the weight of cattle when furnished, and four dollars per 100 pounds for the gain, and $3.75 per hundred pounds for the gain in weight of twenty hogs, also furnished to and fed by appellee, from the 3d day of December until the 20th of February following.

It is earnestly insisted by the appellant's learned counsel, that the evidence sought to be elicited from the witness Hays, by his answer to the question above set out, was irrelevant and incompetent; and so, perhaps, it was as to the issues joined upon the first and second paragraphs of the complaint, by the appellant's answer in denial thereof. In

each of those paragraphs, the appellee sought to recover of the appellant a certain sum for each one hundred pounds of gain in the weight of his cattle and hogs, during the time the appellee fed and took care of them. Upon these paragraphs, it would seem to be irrelevant and immaterial, what was the value of corn in the ear, or in the shock. The appellee sued to recover, in the first paragraph of his complaint, the contract price per 100 pounds for the increased weight of his cattle and hogs; and in the second paragraph of his complaint, he sought to recover of the appellant, for the increased weight of his cattle and hogs, such sum per 100 pounds as such increase was fairly worth. Upon either of the first and second paragraphs of the complaint, it would seem to be wholly irrelevant and immaterial as to what was the value of corn, either in the ear or in the shock.

With the third paragraph of his complaint, the appellee filed a bill of particulars containing, among others, the following items: To 988 bushels of ear corn, at 14 cents, and to 370 shocks of corn-fodder, at 6 cents. Upon this paragraph of complaint, the only issue joined was by a general denial thereof. To this issue, the evidence of the witness, Hays, complained of by the appellant's counsel, it seems to us, was relevant and competent. What weight, if any, should be given to the evidence, was a question for the jury trying the cause.

But the appellant's counsel says, that the evidence should have been excluded, upon the ground that "the bill of exceptions shows that the witness was utterly disqualified to testify on the subject." It is apparent, we think, that the appellant intended the bill of exceptions to show that the witness Hays was not qualified to testify in regard to the value of corn per bushel, in the shock, for the reason that the witness only knew the value of such corn in his own neighborhood, and resided twelve miles distant from the appellee. On this point, the inference and argument of

appellant's counsel are defective and inconclusive, in this, that the bill of exceptions fails to show either that the appellee fed the appellant's cattle and hogs in the appellee's own neighborhood, or that he did not feed such cattle and hogs in the neighborhood of the witness William D. Hays. In what we have said on this point, we do not wish to be understood as even impliedly holding that the witness was rendered incompetent to testify on the subject of the question, by reason of the fact that he resided twelve miles distant from the appellee. On the contrary, we hold otherwise, and that his evidence was competent, notwithstanding the distance between his and appellee's residence.

From the record of this cause, we can not say that the trial court erred, and therefore, we are bound to say that it did not err, in the admission of the evidence of the witness Hays, for all the presumptions are in favor of the correctness of the court's ruling, and must be indulged, in the absence of any showing of positive error. *Myers* v. *Murphy*, 60 Ind. 282; *Stott* v. *Smith*, 70 Ind. 298; and *Bowen* v. *Pollard*, 71 Ind. 177.

The court committed no error, we think, in overruling appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.