No. 7146.

MORRIS, ADM'R, ET AL. *v.* STERN ET AL.

CHATTEL MORTGAGE.— *Fraudulent Intent.— Question of Fact.*— Under the provisions of section 4924, R. S. 1881, the question, as to whether a mortgage of chattels was or was not executed with a fraudulent intent, is in all cases a question of fact, and not of law.

Morris, Adm'r, *et al. v.* Stern *et al.*

SAME.—*Stock of Goods.*—*Power to Sell by Mortgagor.*—*Defence.*—*Answer.*—In a suit to foreclose a mortgage upon a stock of goods, an answer stating that there was an agreement between the mortgagor and mortgagee, which authorized the former to continue, as before, in the sale, by retail, of the mortgaged goods, until default is made in the conditions of the mortgage, and failing to allege that the mortgagor was authorized, or suffered to use, or had used the proceeds of such sales for his own private purposes, or for any other purpose than the payment of his just debts, either to the mortgagee or to his other creditors, does not state facts sufficient to show that the mortgage was executed with a fraudulent intent, or to constitute a defence to such suit.

SAME.—*Foreclosure and Reformation.*—*Mistake.*—In a suit by the mortgagee against the heirs and personal representatives of a deceased mortgagor, to foreclose a mortgage on real and personal property, upon proper allegations of fact, mistakes may be corrected, and the mortgage reformed as well as foreclosed.

SAME.—*Parol Evidence.*—In such a suit, the alleged mistake may be shown on the trial, by parol evidence.

SUPREME COURT.—*Practice.*—*Motion to Strike Out.*—The overruling of a motion to strike out part of a pleading is not available as error, on an appeal to the Supreme Court, even though erroneous ; for, at most, it only leaves surplusage in the pleading, and surplusage does not vitiate that which is good.

SAME.—*Evidence.*—Where, on appeal, the bill of exceptions, as set out in the record, shows upon its face that it does not contain all the evidence given in the cause, the Supreme Court will not reverse the judgment upon any question depending for its proper decision upon the sufficiency of the evidence.

SAME.—*Trial Court.*—*Presumptions.*—The Supreme Court will indulge all reasonable presumptions, in favor of the rulings of the trial court, until intervening error is clearly shown by the record.

From the Henry Circuit Court.

*M. E. Forkner* and *J. Brown,* for appellants.
*J. H. Mellett* and *E. H. Bundy,* for appellees.

HOWK, J.—This was a suit by the appellees against the appellants, to reform and correct, and, when corrected, to foreclose, a certain mortgage alleged to have been executed, on the 20th day of June, 1876, by Robert Bartlett and Mary Bartlett, his wife, to the appellees. The action was commenced on the 9th day of November, 1876, against the appellant Morris, as administrator of the estate of the mortgagor Robert

Bartlett, who had died, as alleged, after the execution of said mortgage, and against the widow and heirs at law of said decedent, as the only defendants.

The appellant George B. Morris separately answered in three paragraphs; and the appellees' demurrer, for the want of facts, to the third paragraph of the answer, was sustained by the court, and an exception was duly saved to this ruling. The defendants, except said Morris, made default. The cause, having been put at issue as to the appellant Morris, was tried by the court, and a finding was made for the appellees, as prayed for in their complaint, and judgment was rendered accordingly.

The appellants' motion for a new trial having been overruled, and their exception entered to this decision, they appealed from the judgment below to this court, and have assigned here, as errors, the following decisions of the circuit court:

1. In overruling their motion for a new trial.

2. In sustaining the demurrer to the third paragraph of their answer.

3. In overruling their motion to strike out certain parts of the complaint.

In the third paragraph of his answer, the appellant Morris alleged in substance, that, as to all the personal goods and chattels named in the mortgage in suit, at the time of the execution of the mortgage, the said Robert Bartlett was largely indebted to divers creditors, other than the appellees, who had no security for their said debts, and the mortgaged property was all the property, both real and personal, that was then owned by said Bartlett; that it was then agreed and understood, by and between the appellees and said Bartlett, that he, the said Bartlett, should not only retain possession of said goods and chattels, until default of payment as therein provided, but that he should have the right to sell and dispose of said goods and chattels, by retail at his place of business, where he had, before that time, been engaged in retailing

goods, wares and merchandise, to wit, in the town of Lewis-
ville, in Henry county, Indiana; that it was then further
agreed and understood, by the said Bartlett and the appellees,
that the said Bartlett should remove a portion of the mort-
gaged goods, that were then in his store at Ogden, to the town
of Raleigh, in Rush county, Indiana, for the purpose of sell-
ing the same by retail; and that, pursuant to said agreement,
the said Bartlett continued to sell the said goods by retail,
up to the time of his death. Wherefore the appellant said,
that the mortgage in suit was, as to all the personal goods
and chattels therein mentioned, invalid and void.

The concluding sentence of this paragraph of appellant's
answer seems to us to be a clear *non-sequitur*, from the facts
previously stated in said paragraph. It does not follow, as a
necessary conclusion of either law or fact, from any of the
matters stated in said paragraph, that the mortgage in suit
was invalid and void. It was not alleged that the mortgage
was fraudulent, or that the debt secured thereby was not justly
due and owing from Bartlett to the appellees, or that the
mortgage was executed with any intent, on the part of either
the mortgagor or mortgagees, to cheat, hinder, delay or defraud
the mortgagor's creditors, other than the mortgagees. It
was alleged that Bartlett had the right, under an agreement
and understanding between him and the mortgagees, to sell
and dispose of the mortgaged goods and chattels by retail, at
his place of business, in the town of Lewisville; but it was
not alleged that he was authorized or suffered to use, or did
use, the proceeds of such sales for his own private purposes,
or for any other purpose than the payment of his just debts,
either to the mortgagees or to his other creditors. It was
also alleged that the said Bartlett, under an agreement and
understanding between him and the mortgagees, should re-
move a portion of the mortgaged goods from his store at Og-
den, to the town of Raleigh, in Rush county, for the purpose
of selling the same by retail; but it was not averred that he
did remove said goods from Ogden to Raleigh, or that he did

sell such goods by retail in the latter town.    And, although it was alleged that the said Bartlett continued to sell the mortgaged goods by retail, up to the time of his death, yet there is no averment in the answer, that he had misapplied any of the proceeds of such sales, or that he had applied any part of such proceeds to any other purpose than the payment of his *bona fide* debts, either to the mortgagees or to his other creditors.

The mere fact that, by the stipulations of a mortgage on a stock of goods, or by agreement between the parties thereto, the mortgagor is authorized to sell the goods by retail, or to remove them to another town, in an adjoining county, for the purpose of such sale, will not invalidate or avoid the mortgage, or render it fraudulent as to other creditors of the mortgagor.    Fraud or fraudulent intent is a question of fact, which can not be presumed, but must be averred and proved.    *Mobley* v. *Letts*, 61 Ind. 11; *McLaughlin* v. *Ward*, 77 Ind. 383; *Lockwood* v. *Harding*, 79 Ind. 129.

The court committed no error, we think, in sustaining appellees' demurrer to the third paragraph of the appellant's answer.

The alleged error of the trial court, in overruling the appellant's motion to strike out certain parts of the complaint, is not such an error, if it be conceded to be such, as would be available for the reversal of the judgment below.    This point has often been decided by this court, and the reason assigned for this decision is, that " At most, it can but leave surplusage in the record, which does not vitiate that which is good." *Mires* v. *Alley*, 51 Ind. 507; *House* v. *McKinney*, 54 Ind. 240; *The City of Crawfordsville* v. *Brundage*, 57 Ind. 262.

The only remaining error for consideration is the decision of the circuit court in overruling the motion for a new trial. The first two causes assigned for such new trial were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law.    The bill of exceptions, purporting to contain the evidence on the trial, is in the record, and shows upon its face, that it does not contain

all the evidence given in the case.    In such a case, this court
has often decided, and we think correctly so, that the judgment
below would not be reversed on any question as to the weight
or sufficiency of the evidence.  Busk. Prac. 149, and au-
thorities cited; *Railsback* v. *Greve,* 58 Ind. 72.   This rule
of practice seems to us to be peculiarly applicable to the case
at bar; for we can readily see that the evidence, which the
appellant directed the clerk to omit from the transcript, may
have had an important bearing on the decision of this cause,.
in and by the circuit court.

This is a suit by the mortgagees against the heirs and ad-
ministrator of the mortgagor, Robert Bartlett, who died in-
testate.   As between the mortgagees and the mortgagor, or
his heirs and personal representative, the mortgage in suit was
valid and binding, even as to the chattels, without regard to
the record of the instrument, or even if it had never been re-
corded.   In such a case, there can be no doubt, we think, that
a court of equity may reform the mortgage and correct alleged
mistakes therein, upon parol evidence thereof, as between the
parties to the instrument, or those claiming under them in
privity, such as personal representatives, and heirs at law.
*White* v. *Wilson,* 6 Blackf. 448 ; *Sample* v. *Rowe,* 24 Ind. 208.
The argument of the appellant's counsel, in this court, and his
objections to the admission of evidence in the trial court, pro-
ceed upon the theory that the mortgage could not be reformed,.
as prayed for in the complaint, and as against the heirs and
administrator of the mortgagor, upon parol evidence.   This
theory, we think, is clearly wrong; and parol evidence, tending
to prove the alleged mistake, was properly admitted.   The
fraudulent character of the mortgage was alleged by the ap-
pellant, in the second paragraph of his answer; upon which
issue was joined by the appellees' reply in denial.   This issue
was tried and determined by the court, against the appellant
and in favor of appellees.

We can not say, from the record of this cause, that the court
erred in overruling the appellant's motion for a new trial;

and, therefore, we are bound to say that the ruling was not erroneous. For, until the contrary is clearly shown by the record, every fair and reasonable presumption must be indulged in favor of the rulings of the trial court. *Myers* v. *Murphy,* 60 Ind. 282; *Stott* v. *Smith,* 70 Ind. 298; *Bowen* v. *Pollard,* 71 Ind. 177; *Foster* v. *Ward,* 75 Ind. 594.

The judgment is affirmed, with costs.