No. 8893.

## DUNN ET AL. *v.* HUBBLE.

SUPREME COURT.— *Record.*— *Filing of Bill of Exceptions.*—Where time is given beyond the term, in which to prepare and file a bill of exceptions, the record must affirmatively show that it was not only signed but *filed* within the time limited, or it will not be considered by the Supreme Court as constituting a part of the record.

From the Hamilton Circuit Court.

*W. Neal* and *J. F. Neal,* for appellants.
*T. J. Kane* and *T. P. Davis,* for appellee.

HOWK, J.—This was a suit by the appellee against the appellants, in a complaint of two paragraphs. The first paragraph counted upon a promissory note for four hundred and two dollars, executed by said Madison L. Dunn, and payable to the appellee, and alleged to be due and wholly unpaid. In

the second paragraph of her complaint the appellee sued upon the same note, alleging that it was given for the unpaid purchase-money of certain real estate, particularly described, in Hamilton county, claiming a vendor's lien on such real estate, as security for the payment of the note and interest, and praying that such lien might be enforced by the judgment of the court. The cause was put at issue and tried by the court, and a finding was made for the appellee; and over the appellants' motion for a new trial, and their exception saved, the court rendered judgment accordingly.

The overruling of their motion for a new trial is the only error assigned by the appellants in this court. The causes assigned for such new trial were, that the finding of the court was not sustained by sufficient evidence, and was contrary to law, and that the court erred in rendering judgment for so large an amount.

It will be readily seen, that these causes for a new trial will present no question for the decision of this court, if it can be said, as the appellee's counsel claim, that the evidence on the trial below is not in the record. The record shows that, upon the rendition of the judgment, the appellants were given ninety days in which to file their bill of exceptions; and the transcript contains what purports to be a bill of exceptions containing the evidence. But the point is made by appellee's counsel, and we think it is well made, that there is no record of the court, statement of the clerk, or other evidence in the record, that the bill of exceptions was filed within the time allowed by the court, or, indeed, that it was ever filed at any time. "It is settled that where time is given extending beyond the term, in which to prepare and file a bill of exceptions, the record must affirmatively show that it was not only signed but filed within the time limited, or it will not constitute a part of the record; and it is not sufficient that the clerk certify that the filing of the bill was within the time given, but he must certify the date of the filing, so that the Supreme Court may determine whether it was within

the time given." Buskirk's Practice, p. 144, and cases cited. *Sherlock* v. *The First National Bank of Bloomington,* 53 Ind. 73.

We are of the opinion, therefore, in the case now before us, that the bill of exceptions, purporting to contain the evidence, does not constitute a part of the record. In the absence of the evidence, we can not say from the record, that the court erred in overruling the appellants' motion for a new trial for any of the causes assigned therefor. All the presumptions are in favor of the decision of the trial court, until and unless it is shown by the record to have been erroneous, and, therefore, we are bound to say, in this case, that the court committed no apparent error in overruling the motion for a new trial. *Myers* v. *Murphy,* 60 Ind. 282; *Stott* v. *Smith,* 70 Ind. 298; *Bowen* v. *Pollard,* 71 Ind. 177.

The judgment is affirmed, with costs.

Opinion filed at the November term, 1881.
Petition for a rehearing overruled at the May term, 1882.