No. 10,376.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. ROUNTREE.

PRACTICE.—*Issue and Trial.— Withdrawal of Appearance and Answer.—Motion to Set Aside Default.—Error.*—There is no error in overruling a motion to set aside a default, when the record shows there was no default, but that after issue joined and trial had, and before the announcement of the finding, the defendant's counsel merely withdrew their appearance and the answer to the complaint.

From the Montgomery Circuit Court.

*A. D. Thomas,* for appellant.

*R. B. F. Peirce, G. W. Hurley* and *B. Crane,* for appellee.

HOWK, J.—Upon the record of this cause the appellant, the defendant below, has assigned as errors the following decisions of the circuit court:

1. In overruling its motion to set aside the default and judgment in this cause;

2. In overruling its motion for a new trial of such motion.

Appellee's counsel insist, in argument, that the judgment in this case was rendered against the appellant, not upon its

default, but upon a trial of the cause by the court by the consent of the parties, the coming of a jury being waived, and upon the finding of the court for the appellee. Counsel claim, therefore, that appellant's only remedy was a motion for a new trial, and that it can not treat the trial had with its consent as no trial, and ask to have the proceedings and judgment considered as had upon default.

The record shows that the suit was commenced by appellee on the 15th day of February, 1881; that the cause was continued on the 12th day of March, and again on the 25th day of May, 1881; that on the 27th day of September, 1881, the appellant appeared by L. B. Willson, Esq., its attorney, and filed a demurrer to the complaint, which was overruled, and then filed its answer to the complaint; that, on the next day, the appellant filed two affidavits in support of its motion for a continuance of the cause; that, on the next day, the parties appeared, and the court sustained the motion on account of the absence of appellant's witness, J. C. Reeves, whereupon the appellee admitted that the witness Reeves would swear to the statements set out in the affidavit; that thereupon, on the same day, " this cause is, by consent of parties, submitted to the court for trial, and the coming of a jury is waived, and the court having heard the evidence the further consideration of the cause is postponed;" that afterwards, on the 4th day of October, 1881, Messrs. Kennedy and Brush came, and, by leave of the court, withdrew the appellant's answer theretofore filed herein, and withdrew also their appearance for the appellant; and that, on the same day, the court, being sufficiently advised, announced its finding for the appellee, and assessed his damages in the sum of $800.06, with costs, and rendered judgment accordingly.

The record further shows that four days after the rendition of such judgment the appellant moved the court in writing " to vacate and set aside the default and judgment, heretofore taken in said cause, on the ground of the inadvertence, surprise and excusable neglect of said defendant, and, in sup-

port of its motion, files affidavits herewith to which it refers, and asks leave of the court to file additional affidavits in support hereof within a reasonable time."

These are the facts of this cause, as shown by the record before us, and, upon this showing, we are of opinion that the point made by appellee's counsel is well taken; that the judgment below was rendered, not upon the default of the appellant, but upon a trial had and finding made by the court, by and with the consent as well of the appellant as of the appellee; and that the appellant could not, after such trial, by the action of its attorneys in withdrawing its answer and their appearance, be heard to claim that the finding and judgment had been made and rendered upon its default, through its inadvertence, surprise and excusable neglect. It seems to us that the appellant has mistaken its remedy, if any it had, in this case. It should have filed its motion for a new trial, assigning as reason therefor the third statutory cause, namely: "Accident or surprise, which ordinary prudence could not have guarded against." Section 559, R. S. 1881. Possibly, the affidavits appearing in the record might have sustained, or tended to sustain, such a cause for a new trial; but, certainly, neither the affidavits nor the record showed, or tended to show, that the judgment below was rendered upon default. It may well have been, therefore, that the court overruled the appellant's motion to set aside the default, upon the ground that its own record conclusively showed that the judgment had not in fact been rendered upon default. In this state of the record, we can not say that the court erred, and, therefore, we are bound to say that it did not err, in overruling appellant's motion to set aside the alleged default. For the legal presumption is, that the court did not err in overruling appellant's motion, and this presumption is not removed or overcome by any matter apparent in the record. *Myers* v. *Murphy*, 60 Ind. 282; *Stott* v. *Smith*, 70 Ind. 298; *Morris* v. *Stern*, 80 Ind. 227.

The judgment is affirmed, with costs.