COOMBS *v*. THE PITTSBURGH, CINCINNATI, CHICAGO AND
ST. LOUIS RAILWAY COMPANY.

[No. 3,299.    Filed December 19, 1900.]

APPEAL AND ERROR.—*Rejected Pleading.—Record.*—A complaint rejected by the trial court as sham and false is not properly a part of the record on appeal unless saved by bill of exceptions or order of court.   *p. 6.*

SAME.—*Interrogatories Propounded with Pleadings.—Record.*—Interrogatories propounded to a party, filed with the pleadings, and the answers thereto, are not properly in the record on appeal without bill of exceptions or order of court.   *p. 7.*

From the Clark Circuit Court.   *Affirmed.*

*L. A. Douglass,* for appellant.
*S. Stansifer* and *M. Z. Stannard,* for appellee.

BLACK, J.—The appellant, as plaintiff, filed a complaint in the court below against the appellee.   The appellee appeared by her attorneys and filed interrogatories, which the appellant was ruled to answer.   A set of interrogatories with answers thereto is inserted in the transcript, not in a bill of exceptions or order of court.   A bill of exceptions taken by the appellant shows that the appellee filed its written motion, which is set out in the bill, whereby the appellee moved the court "to reject the complaint herein as sham and false, so shown by interrogatories and answers thereto on file herein and by reference made a part hereof;" and that the court sustained said motion and rejected the complaint, to which action of the court the appellant excepted.   The court rendered judgment against the appellant, who insists before us that the court erred in striking out or rejecting the complaint as sham.   The record does not so present the question as to give us an opportunity to review the decision of the trial court.

When a pleading is struck out or rejected, it will not constitute part of the record of the cause unless saved by bill of exceptions or order of court.   *Stott* v. *Smith,* 70 Ind. 298;

*Dunn* v. *Tousey,* 80 Ind. 288; *Peck* v. *Board, etc.,* 87 Ind. 221.

Interrogatories propounded to a party, filed with the pleadings, and the answers thereto, will not constitute part of the record on appeal unless properly made such by bill of exceptions or order of court. *Stott* v. *Smith, supra; Close* v. *Pittsburgh, etc., R. Co.,* 150 Ind. 560.

Judgment affirmed.